## TOWNSHIP OF ADA *v.* KENT CIRCUIT JUDGE.

1. BRIDGES — BOARD OF SUPERVISORS — POWERS — CONSTITUTIONAL LIMITATIONS—STATUTES.

 An act providing for the construction of a bridge in a given township, and for the contribution of $4,000 by the township in which the bridge is to be built, of $500 each by two other townships, and of $5,000 by the county, one-half of said amounts to be raised by taxation in one year and the other half in the year following, violates section 9, art. 10, of the Constitution, authorizing the board of supervisors to borrow or raise by tax $1,000 for constructing or repairing bridges, but providing that no greater sum shall be borrowed or raised by tax in any one year unless authorized by a majority of the electors voting thereon; and it cannot be sustained by section 11, authorizing the board to provide for constructing bridges under such restrictions and limitations "as shall be prescribed by law."

2. SAME—NECESSITY.

 The argument that the bridge was a necessity has no bearing on the constitutionality of the act.

*Mandamus* by the township of Ada and others to compel William E. Grove, circuit judge of Kent county, to dissolve an injunction restraining relators from entering into a contract for the construction of a bridge. The township of Vergennes was permitted to intervene, and

opposed the granting of the writ. Submitted July 6, 1897. Writ denied July 16, 1897.

*Rodgers, McDonald & Corwin* (*Sweet, Perkins & Judkins*, of counsel), for relators.

*Taylor & Eddy*, for respondent.

*Maher & Salsbury*, for intervener.

GRANT, J. The legislature, at its last session, passed an act entitled "An act to provide for the construction of a bridge across the Grand river in the township of Ada, in the county of Kent, and for the raising of funds to defray the cost and expense thereof." Act No. 342, Local Acts 1897. It provided that the township of Ada should contribute $4,000, two other townships $500 each, and the county $5,000; that the amount should be raised by taxation, one-half in 1897, and the other half in 1898.

Section 9 of article 10 of the Constitution reads as follows:

"The board of supervisors of any county may borrow or raise by tax $1,000 for constructing or repairing public buildings, highways, or bridges; *but no greater sum shall be borrowed or raised by tax for such purpose in any one year, unless authorized by a majority of the electors of such county voting thereon.*"

It needs no argument to show that this act is destructive of local self-government. It leaves no discretion to the taxpayers or their officers. It is in direct violation of the above provision of the Constitution, in that it deprives the electors of the right to determine by vote the improvements they desire to make, and the taxes they are willing to subject themselves to on account thereof.

It is urged that this act can be sustained under section 11 of article 10, which reads as follows:

"The board of supervisors of each organized county may provide for laying out highways, constructing bridges, and organizing townships, under such restrictions and limitations as shall be prescribed by law."

In respect to public buildings, highways, and bridges, this section is limited by section 9. What the supervisors are prohibited by the Constitution from doing the legislature does not possess the power either to do itself or to compel the boards of supervisors to do.

Counsel have argued in their briefs the necessity of this bridge. That is not a matter for the determination of the legislature. It is a matter which, under our Constitution and form of government, is wisely left to the electors themselves. If the electors choose to submit to the inconvenience of a ferry, rather than go to the expense of constructing a bridge, they possess this right under the Constitution.

The court below issued a preliminary injunction. The sole reason why we issued an order to show cause was because it was a matter of public interest, and the township board of Ada had already let a contract for the construction of the bridge in the sum of $9,500, and all parties desired a prompt decision.

The writ is denied.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.