## ULLMAN v. SANDELL.

1. MANDAMUS—MUNICIPAL CORPORATIONS—PAYMENT OF WARRANTS.

   When a demand against a municipal corporation is liquidated and evidenced by a proper warrant for its payment upon a proper officer having sufficient funds, its payment may be compelled by mandamus.

**2. SAME—GARNISHMENT—TRANSFER OF WARRANT.**

Mandamus does not lie to compel a township treasurer to pay to the indorsee holding a township warrant the amount thereof after a judgment entered against the township in a garnishment proceeding involving such claim, to which the original payee was a party.

**3. SAME—TOWNSHIPS—WARRANTS.**

A township treasurer can disburse funds only on a proper warrant, title to which can only be transferred, so as to protect the officer, by indorsement.

**4. SAME.**

The liability of the township to an undisclosed principal of the payee named in a warrant cannot properly be tried in a proceeding between an indorsee thereof and the township treasurer.

Certiorari to Gogebic; Cooper, J. Submitted October 5, 1909. (Calendar No. 23,399.) Decided November 5, 1909.

Mandamus by Joseph Ullman, Daniel L. Ullman, and Gabe Ullman, copartners as J. Ullman & Company, to compel Andrew Sandell, treasurer of Ironwood township, to pay the amount of an order. An order denying the writ is reviewed by relators on writ of certiorari. Affirmed.

*Julius J. Patek*, for relators.

*Curtis Buck* and *George O. Driscoll*, for respondent.

OSTRANDER, J. The writ of certiorari is directed to the circuit judge. It was allowed upon the affidavit of the attorney for relators, in which affidavit is set out that it is made to procure a writ of certiorari in aid of a writ of error, which had already been sued out of this court by relators. It purports to set out the substance of all testimony introduced at the hearing in the court below. No notice of the issuing of the writ of certiorari was given to counsel for the appellee, until after the writ had been re-

turned.    We assume this fact because the printed record contains such a notice, dated June 26, 1909.    The fact is also asserted by counsel for the respondent.    The writ issued June 7, 1909.    It appears from matter incorporated in the printed record that the writ of error was dismissed by relators, or was attempted to be dismissed, without leave of the court.    The return made by the circuit judge is a brief statement of the issues presented in the mandamus proceeding, and the manner in which they were determined, and it certifies, in substance and effect, the authenticity of the petition for mandamus, the order to show cause, the answer, the statement of issues framed, and the judgment entry, all of which are annexed to the return.    The issues which were framed were:

"(1) Was the order duly audited and allowed by the township board ?

"(2) Are the relators the owners of the interests of Erick Norman and Sinna Norman, whatever they were in said order ?

"(3) Do the relators hold said order for the benefit of Erick Norman ?

"(4) Is the garnishee judgment valid ?"

Concerning the first three, it is certified they were answered, respectively, "Yes," "Yes," and "No," and that "considerable testimony relating to the same was submitted by both parties."    This is not an authentication of the statement of the testimony contained in the affidavit for the writ of certiorari, the correctness of which is challenged by respondent.    Aside from such statement, which we cannot consider, we find in the record nothing to indicate that Sinna Norman had, or claimed to have, any interest, directly or indirectly, in the warrant or the fund, except a notice produced in the disclosure of the garnishee defendant, which will be referred to later.

The proceeding was instituted to compel respondent, a township treasurer, to pay a certain warrant, issued and delivered by the commissioner of highways of Ironwood township, Gogebic county, upon the treasurer of the town-

ship, to pay to Erick Norman, or order, $355.50 "out of the highway fund for contract on road." It was counter-signed by the township clerk. 2 Comp. Laws, §§ 4214, 4215. On the day it was dated (October 7, 1907) it was presented by the payee for payment to the respondent, and payment was refused because on that day, and shortly before the warrant was presented, the township had been garnished as the debtor of the said Erick Norman. The refusal and the name and office of the deputy town-ship treasurer were indorsed upon the order. The title to the warrant asserted by the relators, plaintiffs in certio-rari, in the petition for a mandamus is that it was trans-ferred to them by indorsement and that on August 29, 1908, they caused it to be presented to respondent for pay-ment, and payment was refused because a judgment had been theretofore rendered against the township as gar-nishee of said Erick Norman at the suit of William Kernan. It is alleged that this judgment was rendered October 23, 1907, is unpaid, and is void, furnishing no reason for not paying the warrant.

The sole ground of attack upon the judgment which is stated in the brief for relators is that the garnishee disclosed that a notice, purporting to be signed by Sinna Norman, by Julius J. Patek, her attorney, to the effect "that the contract heretofore made and entered into with you by Erick Norman to perform work and labor upon the roads and highways of said township was made and entered into by him, for and on behalf of the undersigned, and that the teams used in the perform-ance of such work and labor were and are owned by the said undersigned, and that the persons engaged in and about the performance of the same were the employés of the undersigned, and that the amount now due from you for the said work and labor of said employés and teams of the undersigned was at all times and now is due her, and not to the said Erick Norman, and that your or-der dated the 7th day of October, 1907, signed by Thos. Saari, commissioner of highways of Ironwood township,

and countersigned by Chas. Anderson, township clerk, bearing No. 399, and being for the sum of $355.50, and payable to the said Erick Norman, or order, at all times since the issuance thereof has been, and now is, the property of the undersigned, and that the undersigned looks to you for the full value of said work and labor as evidenced by said order"—had been on October 16, 1907, served upon the township, and that the justice of the peace having jurisdiction did not give notice to Sinna Norman, under provisions of 1 Comp. Laws, § 1017. It is said:

" The only question involved on this record is whether the judgment of the justice of the peace is such a valid and binding adjudication upon the rights of Sinna Norman and her assignees in and to the fund represented by said township order as to prevent relators from recovering, irrespective of the fact that their rights accrued prior in time to the issuance and service of the pretended garnishment process. The lower court held that it was, and for that reason denied the writ of mandamus. In this he was clearly in error."

No money was paid into court. The principal defendant appeared by Julius J. Patek on the return day. The plaintiff in garnishment, who was at the time a judgment creditor of Erick Norman, later declared against the township, and, testimony having been offered, a judgment against the township for $241.60 and $6.80 costs was rendered. No appeal was taken. The learned circuit judge was of opinion that prior to the enactment of Act No. 172, Pub. Acts 1901, the judgment would have been a nullity, because the garnishee did not disclose an absolute liability, and 1 Comp. Laws, § 1017, did not apply because no money was paid into court.

"That the said Act No. 172 of the Public Acts of 1901 changed the rule that a garnishee disclosure was final, and allowed the matters disclosed to be controverted by the plaintiff, and a trial had, the same as if the garnishee was being sued by the principal defendant for the matters set forth in the declaration, which the plaintiff is permitted to file; and, it appearing from the record of the

said garnishee judgment that a declaration had been filed against the garnishee defendant, witnesses sworn, and a trial had upon the issues tendered by such declaration, that it must be presumed that upon such trial it was shown to the satisfaction of the justice of the peace that the money was not claimed by Sinna Norman,  *  *  * and that, as these proceedings in mandamus are a collateral attack upon said judgment, said presumption must prevail."

It is not necessary to approve or disapprove the reasons so given for holding the judgment in garnishment to be a valid judgment.   The judgment is not, upon its face, void, whatever the effect of the act of 1901 may be thought to be.   When a demand against a municipal corporation is liquidated and evidenced by a proper warrant upon a proper officer, requiring upon the part of such officer the official action of paying it, such action, there being funds, may be compelled by mandamus.   But it is not the clear legal duty of a township treasurer to pay such a warrant to the payee and holder thereof when the township has been summoned as garnishee of such payee and holder, nor thereafter to pay it to one who acquires it by indorsement, the garnishment proceedings having passed into a judgment against the township.   Whether the judgment in garnishment is a bar to the rights of relators is not a matter which ought to be determined in a proceeding between them and the respondent.   We understand that the court below did not determine whether Sinna Norman had any right to the fund.   The liability of the township to an undisclosed principal of one who contracts to perform public work is not a question which ought to be tried in a proceeding between a holder of a warrant issued to the contractor pursuant to the contract and to law and the disbursing officer of the township.   Respondent could not have properly paid the money to her, or to any person other than the payee, except upon the order of the payee, because he can disburse funds only upon proper warrants.   The title relators assert is a title by indorsement to a warrant for money.   Title by indorsement, for

the purposes and protection of respondent disbursing officer, means title by indorsement of the payee.

The order refusing the writ of mandamus is affirmed, with costs to respondent.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.