ATTORNEY GENERAL, ex rel. BAUM, v. CITY OF SAGINAW.

1. MANDAMUS—EQUITY—PENDING SUIT.
    On mandamus to compel the holding of a special election, as appointed by the charter commission of the city of Saginaw, the remedy will not be withheld because another suit in equity is pending wherein the validity of the "home rule" statute is attacked, the chancery court having issued no injunction or restraining order to prevent proceedings thereunder.

2. SAME—MUNICIPAL CORPORATIONS—ELECTIONS.
    The claim of respondents that there is insufficient time to comply with all the statutory requirements is not a defense, but the provisions as to time for registration, etc., not being mandatory in their character, respondents will be compelled to act as near as may be in accordance with law.

Mandamus by the attorney general, on the relation of William B. Baum, against the city of Saginaw and others. Submitted October 30, 1913. (Calendar No. 25929.) Writ granted October 30, 1913.

J. F. O'Keefe, for relator.

A. Elwood Snow, City Attorney, for respondents.

PER CURIAM. In this case application is made by the attorney general, on the relation of the charter commission of the city of Saginaw, for a mandamus to compel the common council of said city to take the necessary steps to hold a charter election on November 15, 1913, the date fixed for such action by said commission.

It is contended on behalf of respondents that they should not be compelled to proceed to an election at this time because an appeal is now pending in this court involving the question of the constitutionality

of the home rule act, so called. *Goodman* v. *City of Saginaw.* No injunction nor restraining order was ever issued in said chancery cause, and the bill was dismissed October 18, 1913, since which time respondents have been at liberty to proceed with their labors, as directed by law. We can see no reason for holding that the mere fact that that cause is now pending constitutes any valid excuse for delay.

It is further argued by counsel for respondents that at this time, October 30th, there can be no valid action taken by the respondents providing for an election on November 15, 1913, for the reason that the various statutory or charter provisions relative to elections cannot now be complied with.

In view of the provisions of section 26 of Act No. 279, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 5467), we are of opinion that the provisions adverted to are not mandatory. We have held that boards and public officers may be compelled to act even after the time limited for action had expired, where through a mistaken sense of duty they had refused or omitted to perform statutory duties. *Attorney General, ex rel. Graves,* v. *Mayor, etc., of Adrian,* 164 Mich. 143 (129 N. W. 44).

Upon the argument it was made to appear to the satisfaction of the court that sufficient time yet remains to provide for registration, and that no elector will be denied his right of franchise by reason of the shortening of the time. It is to be presumed that respondents will in good faith at once proceed to take the necessary steps to provide all reasonable opportunity to register "as near as may be" to the charter provisions.

Respondents make as part of their return the following statement:

"These defendants admit the allegations in the third paragraph of said petition, with the exception

that they deny that the charter commission formulated and adopted a revision of the charter of the city of Saginaw as provided by Act 279 of Public Acts of 1909; this denial being made because of the decision of this court in the case of *Eikhoff* v. *Charter Commission* [176 Mich. 535 (142 N. W. 746)]."

We are of opinion that the language relied upon in the *Eikhoff Case* is not controlling. The question now involved was not in issue there. The point there under consideration was whether or not the charter commission was a legislative or other body possessing the power of amotion.

The writ will issue, but without costs.