HARVEY *v.* CITY COMMISSION OF THE CITY OF PORT HURON.

1. MUNICIPAL CORPORATIONS — CHARTER REVISION COMMISSION — TIME LIMIT—CONSTRUCTION OF STATUTE.

   The clause in 1 Comp. Laws 1915, § 3323, providing that no member of a commission to revise a city charter "shall receive compensation for more than 90 days," construed, and *held*, not to be intended to limit the time in which the commission could act, but rather to remove an inducement to undue prolongation of the work.

2. SAME — CHARTER REVISION COMMISSION MAY RECONVENE AND PERFORM STATUTORY DUTIES AFTER ADJOURNING SINE DIE.

   Where a charter revision commission adjourned *sine die* after fixing an unworkable date for holding the election for the adoption of the proposed charter, it could legally reconvene and fix a workable election date and also provide for the publication of the proposed charter, which it

had previously overlooked, since these were duties required by the statute and involved no discretion.

Certiorari to St. Clair; Dingeman (Harry J.), J., presiding.  Submitted October 23, 1923.  (Calendar No. 31,109.)  Decided December 19, 1923.

Mandamus by George L. Harvey to compel the city commission of the city of Port Huron to go forward with the election for the adoption of a proposed city charter.  From an order granting the writ, defendant brings certiorari.  Affirmed.

*Burt D. Cady,* City Attorney (*Lincoln Avery* and *Walsh & Walsh,* of counsel), for appellant.

*W. L. Jenks,* for appellee.

BIRD, J.  The voters of the city of Port Huron elected a charter commission to revise its charter. This commission chose plaintiff as its chairman, and commenced its work on November 22, 1922.  It completed the charter on May 17th, and the same was thereafter duly filed with the city clerk.  The proposed charter was submitted to, and approved, by the governor.  The commission adjourned *sine die* on May 21, 1923.  At this stage of the proceedings the defendant was advised by its city attorney, and also by the attorney general, that the time intervening between the election for the adoption of the charter and filing nominating petitions for officials was insufficient, and was not a workable date, also that the commission had neglected to provide for the publication of the proposed charter.  These omissions being called to the attention of the commission, they reconvened on July 28th, and changed the date for holding the election from August 21st to August 15th, and provided for the publication of the charter, as required by law.  The legality of this change by the

225—Mich.—24.

commission was a matter of some doubt with the city commission, and it refused to go forward with the election, and to provide funds for the publication of the proposed charter, until the matter was cleared up. To settle these doubts this proceeding was begun.

The defense relies upon two propositions to sustain its contention:

(1) The charter commission was without authority to act after the lapse of 90 days from the date it began its work.

(2) That even if it had authority after the expiration of 90 days, it ceased to have jurisdiction after it had adjourned *sine die*.

1. This contention is based upon the wording of the statute which provides for the creation of the commission. The statute appears to provide for the creation of a charter commission to form a charter for a new city (1 Comp. Laws 1915, § 3318), and also for creating a charter commission to revise an existing charter (§ 3321). Among the sections which are prescribed for revising a charter we find section 3323, which is material in the consideration of this controversy:

"The charter commission shall convene on the second Tuesday after the election at the place designated therefor. The city clerk shall preside at the first meeting; shall administer the oath of office to the members-elect, and shall act as clerk of the commission. It shall be the sole judge of the qualifications, elections and returns of its own members, choose its own officers, except clerk, determine the rules of its proceedings and keep a journal. A roll call of its members on any question shall be entered on the journal at the request of one-fifth of its members, or less, if it shall so determine. It may fill any vacancy in its membership, and it shall fix the time for the submission of the charter to the electors. No member shall receive compensation for more than ninety days, and only for actual attendance. A majority of all the members shall constitute a quorum, and its sessions shall be public."

We are not impressed that this section of the statute providing that "no member shall receive compensation for more than ninety days" was intended to fix a limit to the time in which the commission could act. That provision was probably injected to remove the inducement to an undue prolongation of the work. A similar provision is found in the law authorizing extra sessions of the board of supervisors. No one has ever suggested, under this statute, that if the board of supervisors were in session more than three days, that its work on the fourth and fifth day would be a nullity. Such provisions are usually inserted to encourage a prompt disposition of public matters, and not to set a limit to the jurisdiction of officials or boards.

Even if this section should be construed with section 3318, providing for a 90-day period for doing the work, we do not think it would change the legal situation. Such statutes are usually considered to be directory rather than mandatory. On this subject Lewis' Sutherland makes this observation:

"Provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory. Though a statute directs a thing to be done at a particular time, it does not necessarily follow that it may not be done afterwards. In other words, as the cases universally hold, the statute specifying the time within which a public officer is to perform an official act, regarding the rights and duties of others, is directory, unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered as a limitation of the power of the officer. * * * A provision that an officer shall take official oath within a certain period or give his official bond, even where the issue of a commission is prohibited until a bond is given, is held directory. * * * A statute which provides that commissioners, to locate a county seat, shall meet at a time and place provided for, * * * is directory

merely." 2 Lewis' Sutherland Statutory Construction (2d Ed.), § 612.

See, also, *Smith* v. *Crittenden,* 16 Mich. 152; *Fay* v. *Wood,* 65 Mich. 390; *Hooker* v. *Bond,* 118 Mich. 255; *Attorney General* v. *City of Saginaw,* 177 Mich. 432; 36 Cyc. p. 1160.

It would hardly do to say that because the charter commission did not complete its work until the 91st day, or because it omitted some statutory duty, that all their work should go for naught. This view is borne out by the holding of this court in *Attorney General* v. *City of Saginaw, supra.* In that case like objections were made because statutory provisions had been disregarded and because the commission sat beyond the 90-day period. The court said:

"In view of the provisions of section 26 of Act No. 279, Pub. Acts 1909 (2 How. Stat. [2d Ed.], § 5467), we are of opinion that the provisions adverted to are not mandatory. We have held that boards and public officers may be compelled to act even after the time limited for action had expired, where, through a mistaken sense of duty, they had refused or omitted to perform statutory duties."

2. But, counsel say, after the board finished its work and adjourned *sine die,* they were without authority to do anything further in relation to the proposed charter. We cannot approve of this contention under the circumstances here involved. It will be noted that the things omitted or improperly done in this instance were statutory requirements. The commission had fixed an unworkable date for the election and had omitted to make any provision for the publication of the proposed charter. These were clearly statutory duties, which involved no discretion, and if they omitted them we can see no objection to the reconvening of the board for the purpose of correcting them. Such act was in obedience to the mandate of

the statute and was in accord with the public interest and not subversive of it.

The question whether the board could legally reconvene to modify the proposed charter in a material way after it had adjourned *sine die*, and after the governor had approved it, are questions which are unnecessary to pass upon in this case. We are dealing only with statutory requirements concerning the proposed charter, which have been improperly done or which have been altogether omitted.

In the event that we affirm the action of the trial court, we are requested to fix a date for submitting the proposed charter to the electors. We think this should be determined by the charter commission because it is one of the duties imposed upon them by the statute.

The judgment will be affirmed. The charter commission will reconvene on or before ten days from the date of filing this opinion, and fix a date for taking a vote on the proposed charter, and defendant will then perform its statutory duty in connection therewith.

Costs will be allowed to appellee.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.