NEWBERG v. DONNELLY.

1. SCHOOLS AND SCHOOL DISTRICTS—ACT FOR RECALL OF SCHOOL OFFICIALS CONSTITUTIONAL.

Act No. 325, Pub. Acts 1913, as amended by Act No. 44, Pub. Acts 1917, providing for the recall of school officials, was properly held constitutional and workable by the trial court.[1]

2. SAME—PETITION FOR RECALL MUST BE BASED ON SOME ACTION WARRANTING RECALL.

A petition for the recall of a school official must state clearly the reason or reasons for recall, furnish information to the electors on which they may form a judgment when called upon to vote, and said reason or reasons must be based on some act or failure to act which, in the absence of a sufficient justification, would warrant the recall.[2]

3. SAME—REFUSAL TO REHIRE TEACHER INSUFFICIENT TO WARRANT RECALL.

Refusal to rehire a school teacher although her retention

[1]Schools and School Districts, 35 Cyc. p. 893 (Anno); [2]Id., 35 Cyc. p. 893 (Anno).

was desired by a majority of the electors of the district, *held*, insufficient ground for the recall of a school official; the law authorizing the board rather than the electors to hire the teacher.[3]

4. SAME—STATEMENT THAT OFFICIAL HAD INTIMIDATED OTHER OFFICIALS INSUFFICIENT IN ABSENCE OF RECITAL OF SPECIFIC ACT. Statements in a petition for the recall of a school official that he had stated that he would run the district to suit himself, and that he had intimidated the other members of the board, were insufficient grounds for recall, in the absence of the recital of any specific act of intimidation.[4]

Certiorari to Bay; Houghton (Samuel G.), J.   Submitted March 30, 1926.   (Calendar No. 32,330.)   Decided July 1, 1926.

Mandamus by Oscar Newberg to compel James Donnelly, probate judge of Bay county, to dismiss a petition for a recall.   From an order denying the writ, plaintiff brings certiorari.   Reversed, and writ granted.

*Collins & Thompson,* for appellant.

*Patterson & Smith,* for appellee.

SHARPE, J.   On August 24, 1925, plaintiff was holding the office of director of school district No. 2 of Fraser township, Bay county, pursuant to his election thereto.   On that day a petition for his recall, purporting to be signed by 29 qualified electors of the district, was filed with the defendant, judge of probate of said county:   The reasons for such recall were thus stated:

"That the said Oscar Newberg did wilfully, maliciously and without just cause and in abuse of his lawful discretion refuse to rehire as school teacher in said district for the school year 1925-1926, Miss Genevieve Warren, the said Miss Warren having been the district teacher for two preceding school years, and

[3]Schools and School Districts, 35 Cyc. p. 893 (Anno); [4]Id., 35 Cyc. p. 893 (Anno).

she, the said Miss Warren, being a competent teacher and desired by the electors and parents in the said district. And because the said Oscar Newberg in a mass meeting at the schoolhouse in May, 1925, did say that he would run the school district to suit himself and he did not care what the electors and parents in the district desired; and because the said Oscar Newberg has intimidated the other members of the school board and causes them to vote on all questions as he desires."

Plaintiff requested the defendant to dismiss the petition for reasons hereinafter stated, and, on his refusal to do so, petitioned the circuit court to compel such action. On return to the order to show cause, the trial court dismissed plaintiff's petition. This order the plaintiff here reviews by certiorari.

Act No. 325, Pub. Acts 1913 (1 Comp. Laws 1915, § 3988 *et seq.*), as amended by Act No. 44, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 3989 *et seq.*), provides for the recall by the electors of certain elective officers. Section 2 provides that petition for the recall of school officials shall be filed with the probate judge and—

"shall be signed by at least twenty-five *per centum* of the number of electors who voted for the governor at the last preceding election in the election district of the official sought to be recalled."

This section further provides that the petition "shall be printed or typewritten and shall state clearly the reason or reasons for said demand."

Section 3 provides that the recall ballot to be used if a special election be ordered—

"shall have printed thereon, in not more than two hundred words, the reason or reasons for demanding the recall of said officer as set forth in said petition, and in not more than two hundred words, the officer's justification of his course of office."

The plaintiff contends:

(1) That the recall statute "is unconstitutional and

is not workable or practicable in school elections" in country districts, for the reason that "there is no way of telling the number of votes cast for governor in that district at the last election," and

(2) That the petition does not set forth sufficient reasons to authorize action on the part of the defendant.

1. As to the first contention the trial court said:

"It is true that the unit of election and registration in Michigan is the township and that the school district is only a limited portion of the township, but because of the method of school elections and the limited number who participate, I can see no reason for the judge of probate being unable to determine the sufficiency of the petition. While the application of the statute may be somewhat impracticable and not easily applied in such an election, the intent and purpose of it in connection with such election can quite readily be complied with."

The affidavit verifying the petition states positively that it is "signed by at least twenty-five *per centum* of electors who voted for governor at the last preceding election in the said school district." If this fact be disputed, its truth is ascertainable by proof. We think the court was right in holding the statute constitutional and workable.

2. The purpose of the statute is not to permit another election to be called at which electors who did not participate in that which was held might vote. If so, new elections might be constantly held and a change in the official every few months might be effected. Nor, in our opinion, is its purpose to permit a more suitable or popular candidate to be voted for than the one who opposed the official when he was elected.

It provides that the petition "shall state clearly the reason or reasons" for recall. This statement must be such as will furnish information to the electors on which they may form a judgment when called upon to vote. The reason or reasons assigned must be based

on some act or failure to act which, in the absence of a sufficient justification, would warrant the recall.

(a) The first reason assigned is that plaintiff refused to hire a teacher who had been theretofore employed in the district. The statement that the electors and parents desired her retention is a mere conclusion. Its truth could be determined only by a canvass of the district. The board consists of three members. Upon them the law imposes the duty to hire teachers. The action of any two of them is binding upon the district. The contract entered into by them is not subject to recall. Unless it be said that an officer of the district must seek the opinion of the electors and be guided by the wishes of a majority thereof in selecting a teacher, it is apparent that his action, without doing so, is no sufficient reason for his recall. The law does not permit the electors at their annual meeting to hire a teacher. They might by resolution indicate their choice. But the duty rests upon the board, and their performance of it is not subject to a review by the electors, and cannot be made the basis of a reason for recall under the statute.

(b) The allegation that plaintiff said at a mass meeting that he would run the district to suit himself, if true, was but an expression of pettiness on his part. He has no authority or power to do so. The other two members of the board can at all times control his action. The charge that he had intimidated the other members of the board would doubtless be denied by them. Had any specific act of intimidation been set out, a different question would be presented.

The order of the circuit court is reversed and set aside and the cause remanded with direction to the trial court to issue the order as prayed for in the petition.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.