W. R. REYNOLDS & CO. *v.* SECRETARY OF STATE.

1. STATES—DIVIDING COUNTY INTO LEGISLATIVE DISTRICTS—NEGLECT OF SUPERVISORS TO ACT.

    Neglect of the board of supervisors to divide the county into legislative districts prior to a certain date, as required by Act No. 152, Pub. Acts 1925, did not prevent action thereafter.

2. MUNICIPAL CORPORATIONS — ELECTIONS—ANNEXATION OF TERRITORY TO CITY—FAILURE TO PROVIDE FOR MAINTAINING INTEGRITY OF LEGISLATIVE DISTRICTS NOT FATAL WHERE DISTRICTS NOT YET CREATED.

    Although, ordinarily, an order of the board of supervisors for an election on a proposition for detaching certain territory from a township and attaching it to a city, under 1 Comp. Laws 1915, § 3304 *et seq.*, should include a provision for maintaining the integrity of the legislative districts, yet where the action of the board of supervisors dividing the county into legislative districts, as required by Act No. 152, Pub. Acts 1925, was pending at the time an order for an election was made, and action was thereafter taken making such division, its failure to make such provision in the order for election had no effect on its validity, since the integrity of the districts was in no way affected thereby, or by the action of the electors in voting in favor of the annexation.

Mandamus by W. R. Reynolds & Company to compel John S. Haggerty, secretary of State, to receive and file certified copies of proceedings for the annexation of certain territory to the city of Jackson. Submitted April 19, 1927. (Calendar No. 33,027.) Writ granted May 3, 1927.

*Burney E. Brower,* for plaintiff.

*William W. Potter,* Attorney General, and *Carl D. Mosier,* for defendant.

[1]States, 36 Cyc. p. 847; [2]Municipal Corporations, 28 Cyc. p. 206.

SHARPE, C. J.   The record discloses that the question of detaching certain territory from the township of Summit, in the county of Jackson, and annexing it to the city of Jackson was submitted to the qualified electors of the township and city at the election held on November 2, 1926, and was assented to by a majority of those voting thereon.   The proceeding was taken pursuant to the provisions of Act No. 279, Pub. Acts 1909 (1 Comp. Laws 1915, § 3304 *et seq.*).   The secretary of State declined to file the certified copy of the proceedings when presented to him, as required by section 3316, as amended by Act No. 233, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 3316), and plaintiff here seeks a mandamus to compel him to do so.

His refusal was based on the omission of the board of supervisors to include in the order for the election a provision preserving the integrity of the legislative districts in the territory affected thereby.

In *Oakman* v. *Board of Sup'rs of Wayne Co.,* 185 Mich. 359, it was held that such an order should include—

"a provision for annexation of the particular territory for all purposes, save for the one purpose of electing representatives to the State legislature."

See, also, *Cook* v. *Board of Canvassers,* 190 Mich. 149; *Collins* v. *City of Detroit,* 195 Mich. 330.   This requirement was deemed necessary in view of the constitutional provisions.

Sections 3 and 4 of article 5 provided for the election of representatives in the State legislature.   It is made the duty of the legislature at its session in 1913, and each tenth year thereafter, to apportion anew the representatives among the counties.   Where a county is entitled to more than one representative, the duty devolves upon the board of supervisors to divide the territory thereof into such districts.   The last sentence of section 4 reads:

"Each apportionment so made, and the division of any county into representative districts by its board of supervisors, made thereunder, shall not be altered until the tenth year thereafter."

The legislature took no action at its session in 1923. In 1925, Act No. 152 was enacted.    Section 2 reads:

"The board of supervisors of each county entitled under this act to more than one representative shall, prior to the first day of July, nineteen hundred twenty-six, either at its regular meeting in April or at a special meeting called for that purpose, divide the county into representative districts."

The board of supervisors of the county of Jackson neglected to take the action therein commanded prior to July 1, 1926, nor had such action been taken when the resolution providing for annexation was adopted. Had such action been theretofore taken, the order must have provided for maintaining the integrity of the legislative districts in the manner pointed out in the *Oakman Case*, as the boundaries of such districts could not be changed until legislation had again been enacted.    Pending action on the part of the board, it was unnecessary for it to provide for the maintenance of the integrity of the districts as it was its duty to then fix the boundaries of each district.    It will be assumed that the board then intended to perform its duty.    At a meeting held in December, 1926, it did divide the county into two districts, leaving the annexed territory in the district in which it was prior to the order for annexation.    Its neglect to act within the time fixed by the statute did not prevent action thereafter.    *Hooker* v. *Bond*, 118 Mich. 255; *Attorney General* v. *Mayor, etc., of Adrian*, 164 Mich. 143; *Attorney General* v. *City of Saginaw*, 177 Mich. 432; *Harvey* v. *Port Huron City Commission*, 225 Mich. 368.

It follows that the integrity of the district was in no way affected by the action of the board in ordering

the vote on annexation, nor by that of the electors in deciding in favor thereof.

The writ will issue if necessary.   No costs will be allowed.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.