GOODENOUGH *v.* TICKNOR.

1. MANDAMUS—MUNICIPAL CORPORATIONS—PAYMENT OF CLAIMS.
    Mandamus lies to compel payment of a claim against municipal corporation's special fund in existence in hands of proper officer as well as to compel payment where there are funds generally applicable to its payment.

2. DRAINS — BONDS — MANDAMUS — PARTIES — PENDING INJUNCTION
    SUIT.
    Pendency of injunction suit testing validity of drain proceedings
    in which bondholder was not party does not impair his right to
    mandamus to compel payment of matured drain bonds and in-
    terest coupons nor relieve county officers of obligation to make
    payment.

Appeal from Washtenaw; Moll (Lester S.), J.,
presiding. Submitted April 18, 1933. (Calendar
No. 36,873.) Decided December 19, 1933. Rehear-
ing denied January 30, 1934.

Mandamus by Luman W. Goodenough to compel
Frank Ticknor, Washtenaw County Treasurer, and
others to pay certain matured drain bonds and in-
terest coupons. Writ granted. Defendants appeal.
Affirmed.

*Goodenough, Voorhies, Long & Ryan,* for plain-
tiff.

*Albert J. Rapp,* Prosecuting Attorney (*Carl H.
Stuhrberg,* of counsel), for defendants.

NORTH, J. This is a mandamus proceeding in
which plaintiff seeks to have defendants directed to
make payment of certain matured drain bonds and
of matured interest coupons. The relief sought was
granted by the trial judge and defendants have ap-
pealed. The bonds here involved were in part
issued incident to the construction of the Beyer
drain (see *Hankinson* v. *Deake, ante,* 1) and part
were issued incident to the construction of the West
Park Miller avenue drain. Except as hereinafter
noted the questions presented are controlled by our
recent decision in *Regents of the University of*

*Michigan* v. *Pray,* 264 Mich. 693.   Appellants here assert that mandamus will not lie "when the validity of the drainage district, which has issued bonds, is questioned."   This contention is based upon the fact that certain property owners by injunction suit resisted assessment and payment of the drain taxes. See *Hankinson* v. *Deake, supra.*   Plaintiff herein was not a party to that suit and decree therein could not bind him.   At the time plaintiff instituted this suit there was upwards of $20,000 in the Beyer drain fund, a sum largely in excess of the payment sought by plaintiff.

"Mandamus is a proper remedy to compel payment of a claim against a municipal or public corporation where there are funds generally applicable to its payment.   So mandamus lies to compel payment of a claim against a special fund which is in existence and in the hands of the proper officer." 38 C. J. p. 768.

See, also, *Ullman* v. *Sandell,* 158 Mich. 496; *Spiegel* v. *Barrett,* 189 Mich. 111; *Regents of the University of Michigan* v. *Pray, supra.*

The fact that the injunction suit, to which plaintiff was not a party, was pending, did not impair plaintiff's right to have payment nor relieve defendants of the obligation to make payment.

Judgment is affirmed, with costs to appellee.

McDONALD, C. J., and POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.   CLARK, J., took no part in this decision.