AMBERG *v.* WELSH.

1. MANDAMUS—PUBLIC MATTERS—PARTIES—DISCRETION OF COURT.
   Whether or not private citizens may institute a mandamus
   proceeding in public matters rests within the discretion of
   the court.

2. SAME—RECALL ELECTION—PARTIES.
   Mandamus proceedings to compel city clerk to call a recall
   election in accordance with petitions filed with him was
   properly brought by electors.

3. COURTS—SUPREME COURT—JURISDICTION—MANDAMUS—SUPERVISION OVER INFERIOR TRIBUNALS.
   The jurisdiction of the Supreme Court in mandamus cases is
   not statutory, but plenary, and supervision is given over all
   inferior tribunals by the Constitution (Const 1908, art 7,
   § 4).

4. SAME—SUPREME COURT—JURISDICTION—MANDAMUS—SUPERIOR
   COURT OF GRAND RAPIDS—RECALL ELECTION OF MAYOR.
   The Supreme Court has jurisdiction to hear and determine a
   mandamus proceeding involving the recall election of a may-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 34, 35 Am Jur, Mandamus, §§ 26, 35, 40, 320.
[2, 4] 18 Am Jur, Elections, §§ 116, 117; 28 Am Jur, Initiative,
   Referendum, and Recall, §§ 61, 64; 34 Am Jur, Mandamus,
   § 125.
[3, 4] 34 Am Jur, Mandamus, §§ 21–25.
[5] 37 Am Jur, Municipal Corporations, §§ 76–78, 105–107.
[6] 28 Am Jur, Initiative, Referendum, and Recall, § 59.
[6–9, 12–15] 37 Am Jur, Municipal Corporations, § 250.
[7–9, 12–15] 28 Am Jur, Initiative, Referendum, and Recall, §§ 58,
   61.
[7–9, 12–15] Construction and application of constitutional requirement as to short title, ballot title, or explanation of nature of
   proposal in initiative, referendum, or recall petition. 106
   ALR 555, 564.
[10] 28 Am Jur, Initiative, Referendum, and Recall, § 63.
[11, 13] 28 Am Jur, Initiative, Referendum, and Recall, §§ 48, 49.
[16] 14 Am Jur, Costs, §§ 23, 91.

or of Grand Rapids, where all questions raised can be promptly disposed of and questions are of public importance, notwithstanding the fact that there is an action pending in the superior court of Grand Rapids wherein it was sought to have the order calling the recall election set aside.

5. STATUTES—CHARTERS.

Where a city charter is silent upon a subject or different than the pertinent provisions of State statute, the statute controls and must be read into the charter.

6. OFFICERS—RECALL PETITIONS—SIGNATURES—WARD AND PRECINCT NUMBERS—STATUTES—CHARTERS.

Where State statute does not require that on recall petitions the signer must write down after his name and address the number of the ward and precinct in which he resided, claim that petitions filed were invalid because they did not contain such information, as required by city charter, is not discussed, since the statute controls (CL 1948, § 201.101 *et seq.*).

7. SAME—RECALL PETITIONS—REASONS FOR RECALL.

In a petition for recall of a public officer it is not required that each statement in the petition by itself state facts that would constitute sufficient charge of misconduct, it being sufficient if the statements taken as a whole present facts that constitute one or more acts or failure to act constituting misfeasance, malfeasance or nonfeasance in office (CL 1948, § 201.102).

8. SAME—RECALL PETITIONS—SUFFICIENCY OF REASONS—MISFEASANCE.

Under city charter giving city manager the power to appoint a tax assessor subject to confirmation by the city commission, where the manager did appoint a man apparently of the very highest qualifications and experience but the commission not only refused confirmation but summarily discharged the manager pursuant to action by the mayor and certain members of the commission, statements relating such facts on a petition for recall of the mayor stated sufficient facts to identify to the electors and the mayor, the acts or failure to act which, without justification, would constitute misfeasance in office (CL 1948, § 201.102).

9. SAME—PETITIONS FOR RECALL—SUFFICIENCY.

Notwithstanding that some of the reasons set forth in petitions for recall of mayor may be unimportant or insuffi-

cient for one reason or another, where there are sufficient valid reasons, properly stated, in the petition that may be classified as charges of misfeasance, malfeasance or nonfeasance to raise a question as to whether the mayor's acts warrant a recall, the petitions are valid and entitled the electors to vote thereon (CL 1948, § 201.102).

10. SAME—RECALL—BALLOTS—REASON FOR RECALL—OFFICER'S JUSTIFICATION FOR CONDUCT.

In order that the question as to whether an officer should be recalled may be fully presented to the electors, the ballots to be used at the election must not only state reasons for such recall but the officer sought to be recalled is permitted a 200-word statement justifying his conduct in office (CL 1948, §§ 201.102, 201.103).

11. SAME—RECALL.

The theory of the recall of a public officer is that the right of the people to revoke an official commission which they have granted is coextensive with their initial power to grant it (CL 1948, § 201.101 *et seq.*).

12. SAME—RECALL—STATUTES.

The requirement that reasons for a recall of a public officer be set up in petition therefor is statutory, not because of any constitutional requirement or considerations of due process of law (CL 1948, § 201.102).

13. SAME—RECALL PETITIONS—TEST OF SUFFICIENCY.

The purpose of requiring a statement of reasons in a petition or ballot for recall of a public officer is to insure deliberate action by the electors and to discourage frequent, vexatious, or ambitious elections, and the statute is to be construed in harmony with the reserved power of the people to recall their officers rather than with the requirements of charges to remove an officer (CL 1948, § 201.102).

14. SAME—RECALL PETITIONS—SUFFICIENCY OF STATEMENT OF REASONS.

Petitions for the recall of a public officer need not contain a meticulous and technical detailed statement of the charges, it being sufficient if set up with sufficient particularity to enable the officer and electors to identify the transaction and know the charges made in connection therewith (CL 1948, § 201.102).

15. SAME—MAYOR—RECALL—SUFFICIENCY OF PETITION.

Where petitions for recall of mayor set forth sufficient to show

misfeasance, malfeasance or nonfeasance in office, it is the right of the electors to pass upon such matter (CL 1948, § 201.102).

16. Costs—Public Question—Recall of Mayor—Sufficiency of Petition.

No costs are allowed in mandamus proceeding to compel city clerk to call a recall election of mayor pursuant to petitions filed with him, where question as to sufficiency of petitions is a public one (CL 1948, § 201.102).

Bushnell, J., dissenting.

Mandamus by Julius H. Amberg and others against George W. Welsh and others to compel defendant R. Stanton Kilpatrick, Grand Rapids city clerk, to proceed with calling and holding of a recall election. Submitted June 21, 1949. (Calendar No. 44,507.) Writ granted June 29, 1949.

*Butterfield, Amberg, Law & Buchen, Harrington, Waer, Cary & Servaas, Siegel W. Judd, Robert S. Tubbs, John F. Livingston, Alfred W. Hewitt, Benjamin E. Cueny,* and *Collins E. Brooks,* for plaintiffs.

*Bartel J. Jonkman* and *Alex J. Groesbeck,* for defendant Welsh.

*John M. Dunham,* City Attorney, for defendant city clerk.

Butzel, J. On June 3, 1949, Julius H. Amberg, one of the plaintiffs and petitioners herein, together with many other electors of the city of Grand Rapids, filed in the office of the clerk of that city petitions bearing far in excess of 16,531 signatures of registered and qualified voters of the city of Grand Rapids and calling for an election to recall George W. Welsh from the office of mayor of the city. The petitions were signed by more than 25 per centum of the number of electors of Grand Rapids who voted for the governor of Michigan at the last

preceding election. This was in accordance with title 4, § 42 of the charter of the city of Grand Rapids, and also CL 1948, § 201.102 (Stat Ann § 6.772). The petitions contained the names, street and house number in Grand Rapids written by the signers and there appears to be no denial of any of their respective handwritings. The petition was in the following form setting out therein the reasons for the recall:

"We, the undersigned registered and qualified voters of the city of Grand Rapids, county of Kent, and State of Michigan, hereby petition for the calling of an election to

RECALL GEORGE W. WELSH

from the OFFICE OF MAYOR OF THE CITY OF GRAND RAPIDS, for the following reasons:

No. 2530

He illegally and by prior understanding acted in concert with city commissioners Wagemaker, Richards and Haraburda to violate the city charter by attempting to induce city manager Goebel to violate his charter duty and to appoint as city assessor a man they knew Goebel did not consider qualified.

He and said commissioners attempted to usurp the charter duty of the manager and threatened his discharge unless he appointed as assessor only the man of their choice.

Voted with said commissioners to dismiss manager Goebel without preferring charges, without hearing, without properly rescinding his employment contract, upon sole basis that Goebel performed his charter duty and appointed a qualified city assessor.

Refused to consider merit and fitness of city assessor appointed by city manager.

Violated standing commission rules by refusing citizens right to be heard at commission meetings on May 9, 1949.

Illegally declared adjourned a commission meeting May 9, 1949, and illegally ruled Goebel's reappointment void.

Repeatedly refused to attend official meetings of county board of supervisors, and refused committee appointments on board, thereby depriving Grand Rapids citizens of rightful representation on board. (Twenty-five blank lines here for names of qualified electors with ward, precinct, street and number, and date.)

"State of Michigan ⎱ ss.
County of Kent ⎰

"The undersigned, being duly sworn, deposes and says that he signed the foregoing petition as circulator thereof; that he is a registered and qualified elector of the city of Grand Rapids, Michigan; that his street address is ............... in the city of Grand Rapids; that the signatures appearing upon the foregoing petition were not obtained through fraud, deceit or misrepresentation; that he has neither caused nor permitted any person to sign the said petition more than once and has no knowledge of any person signing said petition more than once; that all signatures to said petition were affixed in his presence; that the said signatures are the signatures of registered and qualified electors; that the said signatures are genuine signatures of the persons of whom they purport to be; and that the signatures were made in good faith for the purpose set forth in said petition.

....................
Circulator

"Subscribed and sworn to
before me, this ...... day
of May, 1949.

.........................
      Notary public, Kent county, Michigan.
My commission expires: ............

"Note:—Each signature must be genuine and in ink or indelible pencil. It is illegal to affix another's

signature to this paper. Don't use ditto marks. Write out address and date on each line. Give residence, not business address. Married ladies must use own first name."

On June 8, 1949, R. Stanton Kilpatrick, city clerk of Grand Rapids, joined as defendant herein, upon receiving the petitions for the recall, called a recall election to be held in the city of Grand Rapids on June 28, 1949. Thereupon George W. Welsh, also a defendant, filed a petition in the superior court of Grand Rapids asking for a writ of mandamus against Mr. Kilpatrick, the city clerk, ordering him to disregard the petitions filed with him and set aside the order for the special election, and also asking that an order to show cause be issued, with a restraining order prohibiting the holding of the special election. On the same day Hon. Dale Souter, as acting judge of the superior court, issued the order to show cause as well as the temporary restraining order asked for. Thereupon plaintiff Amberg and 2 others as plaintiffs filed a petition in this Court for writ of mandamus directing the city clerk of Grand Rapids to call a recall election in accordance with the petitions that were filed with him. Mayor Welsh, Clerk Kilpatrick and Judges Souter and Taylor are named as defendants in the petition. After answer was filed the case was duly heard.

Defendants contend that plaintiff electors have no right as private citizens to institute a suit for mandamus in public matters. This is a matter within the discretion of the court. We hold that the suit was properly brought by interested electors. *Baldwin* v. *Alger County Supervisors,* 189 Mich 372; *Thompson* v. *Secretary of State,* 192 Mich 512.

Defendants further contend that inasmuch as a suit involving the same subject matter is pending before the superior court for the city of Grand Rap-

ids, this Court cannot entertain jurisdiction. As was stated in *Tawas & B. C. R. Co.* v. *Iosco Circuit Judge,* 44 Mich 479:

"The jurisdiction of this Court in mandamus cases is not statutory, but plenary, and supervision is given over all inferior tribunals by the Constitution." *

From the allegations in the petition for writ of mandamus, it is necessary that the questions involved be disposed of without any delay, and it is quite apparent that such a delay would ensue if the case were to be tried first in the superior court, and if appealed, finally disposed of in this Court. Plaintiffs were not named as parties defendant in the superior court and have no control over that case. By bringing the action in this Court all questions raised can be promptly disposed of. They are of public importance and this Court has jurisdiction notwithstanding the fact that there is an action pending in the superior court of Grand Rapids.

A similar situation arose in *Attorney General, ex rel. Baum,* v. *City of Saginaw,* 177 Mich 432, and we issued a writ of mandamus notwithstanding the fact that another cause was pending in a lower court. Also, see *Township of Ada* v. *Kent Circuit Judge,* 114 Mich 77; *Goodenough* v. *Ticknor,* 265 Mich 355; *Romano* v. *Auditor General,* 323 Mich 533.

The next question raised is whether the provisions of the charter or those of the State law in regard to recall shall prevail. PA 1913, No 325 (CL 1948, § 201.101 *et seq.* [Stat Ann § 6.771 *et seq.*]), provides for and sets up the procedure for the recall of certain elective officers. Section 2 of Act No 325, *supra,* specifically includes elective municipal officers.

---

* See Const (1908), art 7, § 4.—REPORTER.

The provisions of PA 1913, No 325, in many respects differ from the recall provisions in the Grand Rapids charter. We have repeatedly held that the provisions of a general statute are paramount, notwithstanding that the provisions of a home-rule city charter on the same subject may differ. "Where a city charter is silent upon a subject or different than the pertinent statutory provisions, the statute controls and must be read into the charter." *City of Hazel Park* v. *Municipal Finance Comm.* (syllabus), 317 Mich 582, and the many cases cited therein. *City of Big Rapids* v. *Michigan Consolidated Gas Co.,* 324 Mich 358 (79 PUR NS 301). We, therefore, need not even discuss the claim of defendants that the petitions filed with the city clerk were invalid because each signer, when he signed his name and address, did not write down the number of the ward and precinct in which he resided. The State law does not require that the signer write in after his name and address the ward and precinct in which he lives.

PA 1913, No 325, § 2, requires that the petitions "shall state clearly the reason or reasons for said demand." Defendant Welsh contends that the reasons stated in the petition are insufficient, that they are merely conclusions, not facts, and that they do not charge acts or failure to act, constituting misfeasance, malfeasance or nonfeasance of office, as required by this Court in construing this act. We are not in accord with this contention. The charges made in the petition state clearly the reason or reasons for recall, furnishing information to the electors on which they may form a judgment when called upon to vote. They show acts or a failure to act which in the absence of a sufficient justification would warrant a recall. In this respect they differ from those set forth in *Newberg* v. *Donnelly,* 235 Mich 531. It is not necessary that each statement

in the petition by itself state facts that would constitute sufficient charge of misconduct. It is sufficient if the statements taken as a whole present facts that constitute one or more acts or failure to act constituting misfeasance, malfeasance or nonfeasance.

Under the charter of the city of Grand Rapids, the city manager is sworn to fully perform his duties as set out in the charter and ordinances of the city. One such duty was to appoint the city assessor, subject to the confirmation of the city commission. In a written communication to the commission, the city manager did select, appoint and propose for confirmation as tax assessor a man apparently of the very highest qualifications and experience, as set forth in the communication. The commission by a vote of 5 to 2 refused to confirm the appointment. If the commission believed the nominee unfit, it had the legal right to refuse to confirm. However, at the very same meeting Mr. Welsh, as mayor and a member of the commission, presented a written communication in which he referred to the city manager's failure to co-operate with the commission by appointing someone not favored by the majority of the commission, and asked for reconsideration of the vote by which the manager had been reappointed. The vote was reconsidered and the manager was discharged. The mayor in his letter refers to the turmoil that had arisen because of the insistence of the city manager in appointing a person unknown to the commission. He stated:

"This is no longer a question of the choice of an assessor. It has become an issue as to whether the duly elected representatives of the people or a paid employee is to have final say in the conduct of municipal affairs."

The city manager had the sole right under the charter to choose the assessor, subject to confirmation by the commission.

The recital of the above facts is not a determination by this Court of the truth of the charges made in the petition for recall for that is a question to be passed on by the electors. It is merely referred to in order to show that the charges are based on specific acts of the mayor and certain members of the commission and largely bear out the first 4 reasons given. Even though the statements may contain some conclusions, taken as a whole they do state sufficient facts to identify to the electors and the mayor, the acts or failure to act which, without justification, would constitute misfeasance in office.

Other reasons are also given. Some are of a serious nature. They allege facts not conclusions. Even if some of the reasons are unimportant or insufficient, as defendants claim, there are sufficient valid reasons, properly stated, in the petition that may be classified as charges of misfeasance, malfeasance or nonfeasance to raise a question as to whether the mayor's acts warrant a recall, and entitled the electors to vote thereon.

It must be assumed the electors knew or have access to the full facts and the charges need only identify the acts or failure to act complained of so they may form a judgment thereon. In accordance with Act No 325, § 3, *supra,* a recall ballot used at such election shall have printed thereon besides the reasons for demanding the recall, to be set forth in not more than 200 words, the justification of his conduct in office by the officer sought to be recalled, in not more than 200 words. This gives defendant Welsh an opportunity to reply to the charges if he sees fit. The question thus is fully presented to the electors so they may form a judgment thereon.

It must be borne in mind that proceedings for recall differ very materially from those for removal from office. Proceedings for removal are court proceedings and those for recall are passed upon by the electors. The leading case in this State is *People, ex rel. Elliot,* v. *O'Hara,* 246 Mich 312, wherein Mr. Justice FEAD, speaking for the Court, stated:

"It hardly need be pointed out that the recall is fundamentally different from proceedings for removal of an officer. The theory of the recall is that the right of the people to revoke an official commission which they have granted is coextensive with their initial power to grant it. Reasons must be set up in the petition only because the legislature has so enacted, not because of any constitutional requirement or considerations of due process of law. The evident purpose of requiring a statement of reasons is to insure deliberate action by the electors and to discourage frequent, vexatious, or ambitious elections. The statute is to be construed in harmony with the reserved power of the people to recall their officers rather than with the requirements of charges to remove an officer.   *   *   *

"In view of the general application of the statute to even the smallest municipalities, where such petitions would often be drafted by laymen, it would impose too great a burden on recall proceedings to require meticulous and technical detailed statement of the charges. It is enough that they be set up with sufficient particularity to enable the officer and electors to identify the transaction and know the charges made in connection therewith. For like reason, inclusion of insufficient reasons in the petition would not void it if one or more be properly stated. We think the second reason is sufficient."

We have examined the contentions of defendants as to the invalidity of the recall petitions and find they are without merit. It was claimed by plaintiffs that over 26,000 qualified and registered voters

signed the recall petitions. It is impossible to set forth all the evidence sustaining the charges in such petition nor is it necessary. The petitions for recall set forth sufficient to show misfeasance, malfeasance or nonfeasance in office. It is the right of the electors to pass upon them.

The writ of mandamus will issue ordering the city clerk to forthwith order a recall election in accordance with PA 1913, No 325. A public question being involved, no costs will be allowed.

SHARPE, C. J., and BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred with BUTZEL, J.

BUSHNELL, J. (*dissenting*). The charges against defendant Welsh as stated in the recall petitions, when tested by *Newberg* v. *Donnelly,* 235 Mich 531, and *People, ex rel. Elliot,* v. *O'Hara,* 246 Mich 312, are insufficient.

The writ should be denied.