PEOPLE, *ex rel.* ELLIOT, *v.* O'HARA.

1. OFFICERS—WHAT MUST BE SHOWN BY RECALL PETITION.
   Under Act No. 325, Pub. Acts 1913 (1 Comp. Laws 1915, § 3989
   *et seq.*, as amended by Act No. 44, Pub. Acts 1919), a peti-
   tion for the recall of a public officer must state as reasons
   therefor 'facts which, if true, would show nonfeasance, mis-
   feasance, or malfeasance in office.

2. SAME—CONSTRUCTION OF STATUTE.
   Under said statute, the theory of the recall is that the right of
   the people to revoke an official commission is coextensive with
   their initial power to grant it, and, therefore, the statute is
   to be construed in harmony with the reserved power of the
   people to recall their officers rather than with the requirements
   of charges to remove an officer.

3. SAME—PETITION FOR RECALL—SUFFICIENCY.
   A charge in a petition for the recall of a township treasurer
   that he had been given $140 by the township board to employ
   an assistant, had paid the assistant only $80 of the amount
   for that purpose, and had converted the balance to his own
   use, is sufficient, although it did not allege the time, person,
   and occasion involved, since it enabled the officer and electors
   to identify the transaction and know the charge made in
   connection therewith, and must be presumed to refer to the
   ensuing term of office.

4. SAME—PETITION NOT VOIDED BY INCLUSION OF INSUFFICIENT
   REASONS.
   Inclusion of insufficient reasons in a petition for the recall of a
   public officer does not void it if one.or more sufficient reasons
   are properly stated.

Certiorari to Dickinson; Bell (Frank A.), J. Sub-
mitted January 8, 1929. (Calendar No. 34,147.)
Decided March 29, 1929.

Mandamus by the people of the State of Michigan,
on the relation of I. Stow Elliot, to compel John

O'Hara, judge of probate of Dickinson county, to dismiss petition and countermand an order for a recall election. From an order denying the writ, plaintiff brings certiorari. Affirmed.

*Glenn W. Jackson (Ray E. MacAllister,* of counsel), for plaintiff.

*Ray Derham,* for defendant.

FEAD, J.   This is certiorari to review judgment denying writ of mandamus to compel the judge of probate of Dickinson county to dismiss petition and countermand an order for a recall election. Plaintiff was re-elected township treasurer in April, 1928, and qualified. The petition for his recall contained three charges:

(*a*) That he had violated the corrupt practices act in failing to file a statement of the expenses of his nomination and election as township treasurer in 1927.

(*b*) That he had been given $140 by the township board to employ an assistant, had paid the assistant only $80 of the amount for that purpose, and had converted the balance to his own use.

(*c*) That he had brought suit against the township, without reason or just cause, to collect moneys to which he was not legally entitled.

Aside from questions affecting practice, the issue is whether the statement of reasons in the petition was sufficient to justify a recall election.

The statute, Act No. 325, Pub. Acts 1913 (1 Comp. Laws 1915, § 3989, as amended by Act No. 44, Pub. Acts 1919), requires the petition to "state clearly the reason or reasons for said demand." It provides that the ballots shall have the reasons printed on them, together with the "officer's justification of

his course of office." In *Newberg* v. *Donnelly,* 235 Mich. 531, this court, speaking by Mr. Justice Sharpe, said:

"The purpose of the statute is not to permit another election to be called at which electors who did not participate in that which was held might vote. If so, new elections might be constantly held and a change in the official every few months might be effected. Nor, in our opinion, is its purpose to permit a more suitable or popular candidate to be voted for than the one who opposed the official when he was elected.

"It provides that the petition 'shall state clearly the reason or reasons' for recall. This statement must be such as will furnish information to the electors on which they may form a judgment when called upon to vote. The reason or reasons assigned must be based on some act or failure to act which, in the absence of a sufficient justification, would warrant the recall."

Read in connection with the facts of the case, the ruling was that a petition is insufficient which merely charges an officer with doing what he has the legal right and duty to do, and which fails to set up facts, as distinguished from conclusions, showing misconduct. The statute obviously confines the reasons to conduct in relation to the office, as that is the declared character of the officer's justification. The reasons, then, must state facts which, if true, would show nonfeasance, misfeasance, or malfeasance in office.

It hardly need be pointed out that the recall is fundamentally different from proceedings for removal of an officer. The theory of the recall is that the right of the people to revoke an official commission which they have granted is coextensive with their initial power to grant it. Reasons must be set

up in the petition only because the legislature has so enacted, not because of any constitutional requirement or considerations of due process of law. The evident purpose of requiring a statement of reasons is to insure deliberate action by the electors and to discourage frequent, vexatious, or ambitious elections. The statute is to be construed in harmony with the reserved power of the people to recall their officers rather than with the requirements of charges to remove an officer.

The second reason at bar is a specific allegation of facts, and charges misconduct in office. It is not insufficient because it does not allege the time, person, and occasion involved. It must be presumed to refer to the ensuing term of office. It clearly states the charge so the officer may identify the incident and prepare his justification, and it informs the electors of the specific character and instance of official misconduct relied upon for recall. In view of the general application of the statute to even the smallest municipalities, where such petitions would often be drafted by laymen, it would impose too great a burden on recall proceedings to require meticulous and technical detailed statement of the charges. It is enough that they be set up with sufficient particularity to enable the officer and electors to identify the transaction and know the charges made in connection therewith. For like reason, inclusion of insufficient reasons in the petition would not void it if one or more be properly stated. We think the second reason is sufficient.

This ruling makes it unnecessary to pass upon the other reasons stated in the petition or the questions of practice. Writ denied, with costs to defendant.

NORTH, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.