EATON *v.* BAKER.

1. CERTIORARI—QUESTIONS REVIEWABLE—RECALL PETITION SIGNA-
TURES.
    Whether or not 600 signatures on petitions for recall of trus-
    tees of school district in which there were cast not to exceed
    899 votes for governor in the last preceding election is not
    determined on appeal in nature of certiorari from order
    granting writ of mandamus to hold recall election, where
    claim that there was an insufficient number of signatures
    appears to have been abandoned (CL 1948, § 201.101 *et
    seq.*).

2. OFFICERS—RECALL—PETITION.
    A petition for the recall of a public officer differs from a pro-
    ceeding for removal and exacts neither the technical, de-
    tailed statement of charges nor proof or procedure of a pe-
    tition for removal (CL 1948, § 201.101 *et seq.*).

3. SAME—RECALL—PETITION—ALLEGATIONS—INFORMATION TO ELEC-
TORS.
    A petition for recall of a public officer must be such as will
    furnish information to the electors 'on which they may
    form a judgment when called upon to vote and reason or
    reasons assigned must be based on some act or failure to
    act which, in the absence of a sufficient justification, would
    warrant the recall (CL 1948, § 201.101 *et seq.*).

4. SAME—RECALL—PETITION—ALLEGATIONS—PREPARATION OF OF-
FICER'S JUSTIFICATION.
    A petition for recall of a public officer must contain such
    specific allegations of facts and charges of misconduct in
    office as to enable the officer to identify the incident and
    prepare his justification but is not insufficient because it
    does not allege the time, person and occasion involved as it

REFERENCES FOR POINTS IN HEADNOTES
[1-7] 28 Am Jur, Initiative, Referendum, and Recall § 48 *et seq.*
[2-7] Constitutional or statutory requirement as to short title, ballot
    title, or explanation of nature of proposal in recall petition.
    106 ALR 555.
[8] 14 Am Jur, Costs § 91.

must be presumed to refer to the current term of office (CL 1948, § 201.101 et seq.).

5. SAME—RECALL—PETITIONS—STATEMENT OF CHARGES.
    A meticulous detailed statement of the charges of misconduct in office is not required in a petition for recall of a public officer (CL 1948, § 201.101 et seq.).

6. SAME—RECALL—PETITIONS—SURPLUSAGE.
    A petition for recall of a public officer which contains sufficient valid reasons, properly stated, that may be classified as charges of misfeasance, malfeasance or nonfeasance to warrant a recall entitling the electors to vote thereon would not be invalid because it also contained some reasons which were insufficient or unimportant (CL 1948, § 201.101 et seq.).

7. SCHOOLS AND SCHOOL DISTRICTS—RECALL OF TRUSTEE—PETITIONS —AVERMENTS AS TO MISFEASANCE OR MALFEASANCE.
    A petition for the recall of a school district trustee which contained averments that he had received money in the form of wages from the school board and district in violation of law and that he has been using property of the district for his own use, pleasure and business, to the neglect of its proper use, particularly the station wagon, constituted a sufficiently specific averment of misfeasance or malfeasance in office, since it was such a misappropriation of assets as would warrant a recall and gave the officer involved sufficient notice so as to be able to prepare his justification of his conduct in office (CL 1948, § 201.103).

8. COSTS—PUBLIC QUESTION—RECALL OF SCHOOL DISTRICT TRUSTEE.
    No costs are allowed in mandamus proceeding to determine validity of proceeding for recall of a school district trustee, a public question being involved.

Appeal from Oakland; Hartrick (George B.), J. Submitted August 21, 1952. (Calendar No. 45,513.) Decided October 6, 1952.

Petition by Otis C. Eaton and others for writ of mandamus against Loretta Baker and others, trustees of School District No 1 of Royal Oak township to compel the calling and holding of a recall election. Writ granted. Defendants appeal in nature of certiorari. Affirmed.

*Russell E. Knister* and *Youngjohn, Worley, Brown & Flynn,* for plaintiffs.

*George H. Cholack* and *Hugh K. Davidson,* for defendants.

BUTZEL, J.   Plaintiffs, electors and voters in School District No 1 of Royal Oak township in the county of Oakland and State of Michigan, filed a petition in the Oakland circuit court for a writ of mandamus to order defendants, trustees and Loretta Baker, acting clerk of such school district, to call and take all other necessary steps for a recall election as asked for in similar petitions for the recall of defendants Lonnie C. Cash, Chester Carter and Sidney Thomas, as trustees.

Although we are only considering the petition for the recall of defendant Lonnie C. Cash, counsel have stipulated that our determination herein shall also be binding upon defendants Chester Carter and Sidney Thomas.   According to the recall petitions, School District No 1, *supra,* embraces the entire voting precinct No 4 and a portion of voting precinct No 6 of Royal Oak township, that the vote for all candidates for governor for the State of Michigan in the last preceding election did not exceed 899 votes and the total number of voting electors who signed the recall petitions was in excess of 600.   Following the filing of the petitions, demand was made upon Loretta Baker as acting clerk of the school district and upon other defendants, comprising all its board of trustees, that petitions for the recall of Cash be given full effect, that a recall election be called as asked for in the recall petitions, and that they do all the necessary things to proceed with a recall election in accordance with the law, CL 1948, § 201.101 *et seq.* (Stat Ann § 6.771 *et seq.*).   Defendants first claimed that there was an insufficient number of

signatures to the petitions but they evidently have abandoned such claim. In reply to the petitions for mandamus they do not deny any of the reasons given for such recall but challenge the sufficiency of the petitions, claiming that they do not comply with the recall statutes, *supra,* in that they do not state clearly. "the reason or reasons for said demand" for recall. The trial judge held the petitions sufficient and issued a writ of mandamus. Defendant filed an appeal to this Court in the nature of certiorari.

The petition against defendant Cash sets forth the following reasons why. he should be recalled from the office of trustee of said school board:

"1. That the said Lonnie C. Cash has violated the clear provisions of the laws of the State of Michigan pertaining to the administration of education in said school district;

"2. That he has received money in the form of wages from said school board and district, in violation of law;

"3. That he has received expense moneys improperly from said board and district, in violation of law;

"4. That he has been using property of the school district for his own use, pleasure and business, to the neglect of its proper use, particularly the station wagon;

"5. That he has failed as a board member to ask for and obtain proper competitive bids on contracts with the said board as required by law;

"6. That he has intimidated employees to obtain forced resignations and has not issued proper legal contracts of hire to teachers employed by said board;

"7. That his actions have caused turmoil, loss of public confidence and irreparably injuring confidence in public education;

"8. That he has taken action with others on said board to interfere with free discussion of school problems by employees under threat of dismissal;

"9. That he has participated in concert with others on said board to violate the school laws of the State of Michigan as hereinbefore set forth.

"10. That he has assumed duties with other members of the board which should be performed by the superintendent of the district and which he has prevented the superintendent from performing."

We have repeatedly called attention to the fact that a recall petition differs from a proceeding for removal, and exacts neither the technical proof nor procedure of a petition for removal.

We have considered what constitutes a sufficiently clear statement of reasons to comply with the statute in 3 previous cases, namely, *Newberg* v. *Donnelly,* 235 Mich 531; *People, ex rel. Elliott,* v. *O'Hara,* 246 Mich 312; *Amberg* v. *Welsh,* 325 Mich 285. In *Newberg* v. *Donnelly, supra,* cited by defendants, allegations that a member of the school board refused to hire a certain teacher and stated that he would run the school district to suit himself while intimidating the other members of the school board were held to be insufficient. We said:

"This statement must be such as will furnish information to the electors on which they may form a judgment when called upon to vote. The reason or reasons assigned must be based on some act or failure to act which, in the absence of a sufficient justification, would warrant the recall."

In *People, ex rel. Elliott,* v. *O'Hara, supra,* we held that allegation that a school board officer had held back $60 from salary due an employee for his own use to be sufficient. We stated that an allegation was sufficient when it was "a specific allegation of facts, and charges misconduct in office. It is not insufficient because it does not allege the time, person, and occasion involved. It must be presumed to refer to the ensuing term of office. It clearly states

the charge so the officer may identify the incident and prepare his justification, and it informs the electors of the specific character and instance of official misconduct relied on for recall."

We further held that:

"In view of the general application of the statute to even the smallest municipalities, where such petitions would often be drafted by laymen, it would impose too great a burden on recall proceedings to require meticulous and technical detailed statement of the charges."

This becomes particularly true in the instant case where evidently over 600 voters out of 899 entitled to vote filed the recall petitions. CL 1948, § 201.101.

In *Amberg* v. *Welsh, supra,* we held that even if some of the reasons for recall were unimportant or insufficient, there were sufficient valid reasons, properly stated, in the petition that may be classified as charges of misfeasance, malfeasance, or nonfeasance to raise a question as to whether the acts of the officer complained of warrant a recall and entitled the electors to vote thereon.

It will serve no purpose to compare all these cases in more detail. No 2 recall petitions will allege the same facts or circumstances. We do find, however, that at least reasons 2 and 4 of the petition before us meet the tests set forth in those cases. They present a more definite statement of reasons than appeared in the case of *Newberg* v. *Donnelly, supra.* If they are true and defendant can show no justification, then they are charges of misfeasance or malfeasance in office, since they involve the illegal use of school district properties and money. The misappropriation of such assets would warrant a recall. As is obvious upon examination of the entire petition, the receiving of a salary and the use of the district station wagon were carried on as a continuous

course of conduct and it would have been impossible for the petitioners to refer to a particular time and occasion. As in the case of *People, ex rel. Elliott,* v. *O'Hara, supra,* it must be presumed that this course of conduct took place in a current term of office. Defendant Cash has sufficient notice so as to be able to prepare the justification of his conduct in office. CL 1948, § 201.103. Similarly the electors will know of the specific character of the misconduct relied upon as a basis for recall.

We find that reasons 2 or 4 satisfy the statute in that each, or either one, constitutes a clear statement of a reason for recall. In so holding, we find it unnecessary to consider the other portions of the recall petition.

The order of the trial court ordering the issuance of a writ of mandamus is affirmed, and the case remanded to the trial court for further proceedings, if such order is not complied with forthwith. No costs, a public question being involved.

DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.