WOODS v CLERK OF SAGINAW COUNTY

1. OFFICERS—RECALL PETITIONS—STATUTES.

A petition to recall a public officer must clearly state the reason or reasons for the recall demand; the reasons for a recall are stated with sufficient clarity where they enable the officer and electors to identify the transaction and know the charges made in connection therewith (MCLA 168.952; MSA 6.1952).

2. OFFICERS—CONSTITUTIONAL LAW—RECALL PETITIONS—REASONS FOR RECALL—JURISDICTION.

The sufficiency of any statement of reasons or grounds procedurally required for the recall of a public officer shall be a political rather than a judicial question; therefore, where the public officer challenges, not the clarity, but the sufficiency of the reasons for his recall, the matter is not within the jurisdiction of the Court of Appeals or any other court by the express terms of the Michigan constitution (Const 1963, art 2, § 8).

Appeal from Saginaw, Gary R. McDonald, J. Submitted October 13, 1977, at Lansing. (Docket No. 77-1562.) Decided January 5, 1978.

Complaint by Thomas E. Woods, Jr., against the Clerk of Saginaw County, the Chairman of the Saginaw County Election Scheduling Committee, the members of the County Election Scheduling Committee and the Clerk of Saginaw Township seeking to have recall petitions declared invalid and to enjoin the township clerk from conducting a special election. The Committee to Recall Woods was allowed to intervene as a defendant and the remaining defendants, other than the township clerk, were dismissed by stipulation. Complaint

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 63 Am Jur 2d, Public Officers and Employees § 238 et seq.

dismissed. Plaintiff appeals from the order of dismissal. Affirmed.

*Thomas E. Woods, III,* and *R. David Wilson,* for plaintiff.

*Joseph, Wolf & Weinstein, P. C.,* for Committee to Recall Supervisor Woods.

Before: DANHOF, C. J., and ALLEN and H. L. HEADING,* JJ.

H. L. HEADING, J. Plaintiff appeals from the final order of the trial court dismissing his complaint against defendants. We find the decision of the trial court to be correct, and affirm.

Plaintiff was elected to the office of supervisor of Saginaw Township, taking office on November 20, 1976. On December 13, 1976, he proposed to the township board that the position of township manager be eliminated and the responsibilities of the post be assumed by plaintiff as township supervisor. The proposal was adopted by the board on January 10, 1977. On March 30, 1977, defendant-intervenor Committee to Recall Woods filed recall petitions containing more than 6,200 signatures with the Saginaw County Clerk. Subsequently, the County Elections Scheduling Committee scheduled a special election on the issue for May 31, 1977.

On April 18, 1977, plaintiff filed this action, praying that the recall petitions be declared invalid and that the township clerk be enjoined from conducting the special election. The Committee to Recall Woods intervened as a defendant, and all remaining defendants other than the township clerk were dismissed by stipulation of the parties.

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

The sole issue for determination by the trial court was whether the reasons for recall stated in the petitions failed to meet the requirement of MCLA 168.952; MSA 6.1952, that recall petitions clearly state the reason or reasons for the recall demand.

The reasons set forth in the challenged petitions were as follows:

"(1) That Mr. Woods misled the voters in his campaign for Supervisor by failing to disclose his plan for changing the Township Manager form of government without study and without a vote of the electorate; and/or

"(2) That the Township residents should have been allowed an opportunity to vote on such an essential matter as changing the existing form of Township government and significantly increasing the powers of the Supervisor."

The trial court found that the reasons were stated with sufficient clarity "to enable the officer and electors to identify the transaction and know the charges made in connection therewith", *People, ex rel Elliot v O'Hara,* 246 Mich 312; 224 NW 384 (1929). We agree.

In his opinion, the trial court also noted the following provision of Const 1963, art 2, § 8:

"Laws shall be enacted to provide for the recall of all elective officers except judges of courts of record upon petition of electors equal in number to 25 percent of the number of persons voting in the last preceding election for the office of governor in the electoral district of the officer sought to be recalled. *The sufficiency of any statement of reasons or grounds procedurally required shall be a political rather than a judicial question."* (Emphasis supplied.)

Plaintiff's argument on appeal is not that he

does not understand the charges against him, but that the charges are not grounds for recall. This is a challenge, not to the clarity, but to the sufficiency of the reasons for the recall, and is a matter not within the jurisdiction of this or any other court by the express terms of the constitutional provision quoted above.

Affirmed. No costs, a public question being involved.