NOEL v OAKLAND COUNTY CLERK

Docket No. 78-4777. Submitted June 18, 1979, at Detroit.—Decided September 4, 1979.

Prior to the 1978 general election, John Noel, the Mayor of the City of South Lyon, and Claude Danielson, Reginald Sweet and Louise Anderson, Councilpersons of the City of South Lyon, brought an action in Oakland Circuit Court requesting an injunction prohibiting the Oakland County Clerk from placing on the ballot the proposition whether the plaintiffs should be recalled. James Osborne, Rita Herala and John M. Barabas, also known as the South Lyon Citizens Committee to recall Noel, Sweet, Danielson and Anderson, intervened as defendants. The circuit court, Steven N. Andrews, J., ruled that the petitions for recall, which alleged "administrative incompetence" on the part of the plaintiffs, satisfied the directives of the recall statute and the applicable provision of the Michigan Constitution and denied injunctive relief. The plaintiffs appeal by leave granted. *Held:*

The reasons set forth in a recall petition need not constitute allegations of nonfeasance, misfeasance or malfeasance in office; however, the reasons set forth in a recall petition must be stated with sufficient specificity and clarity to give the official, whose recall is sought, some minimal due process guarantees. Allegations of "administrative incompetence" do little to fulfill the criteria of the recall statute. The trial court erred in its determination that the petitions satisfied the guidelines of the recall statute. However, noncompliance with the recall statute does not render the recall election invalid. Once an election has been held, the provisions of the recall statute are no longer mandatory but are deemed directory and defects in the clarity of the reasons for recall, by themselves, are insufficient to negate the results.

The trial court's determination that the petitions satisfied the

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 63 Am Jur 2d, Public Officers and Employees § 245.

[2, 4] 25 Am Jur 2d, Elections § 5.

[3] 63 Am Jur 2d, Public Officers and Employees §§ 178, 181, 238, 239, 241.

guidelines of the recall statute is reversed, but the results of the recall election are upheld.

1. ELECTIONS — RECALL OF OFFICIALS — RECALL PETITION — STATED PURPOSE OF RECALL — SUFFICIENCY OF REASONS — CLARITY — DUE PROCESS.

The reasons for seeking the recall of an elected official, as set forth in a recall petition, need not constitute allegations of nonfeasance, misfeasance or malfeasance in office, the sufficiency of the reasons in a recall petition being an electoral rather than a justiciable question; however, the reasons, whatever they may be, must be stated with adequate clarity, on the one hand to prevent abuse of the elective franchise by ensuring deliberate and informed action by those called upon to sign the recall petition, while at the same time affording the official sought to be recalled at least some minimal due process guarantees.

2. ELECTIONS — ENFORCEMENT OF ELECTION LAWS — VALIDITY OF ELECTION.

Provisions of an election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after an election such provisions are directory only, in support of the result, unless they are of such a character that their violation would effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless they affect an essential element of the election, or it is expressly declared by statute that compliance with them is essential to the validity of the election.

3. ELECTIONS — RECALL OF OFFICIALS — REMOVAL OF OFFICIALS.

A recall, as distinguished from the power of removal, is a fundamental right reserved to the people by the Constitution, being premised upon the theory that the right of the people to revoke an official commission which they have granted is coextensive with their original power to confer it.

4. ELECTIONS — RECALL OF OFFICIALS — STATUTES — PRIOR TO ELECTION — STATED PURPOSE OF RECALL — CLARITY.

The provisions of the recall statute are mandatory in nature prior to an election and an aggrieved official may, during that period, petition for prompt, judicial determination of the clarity, but not the sufficiency, of the stated purpose behind the recall; once an election is held, however, the provisions of the recall statute are deemed directory and defects in the clarity of

the reasons for recall, by themselves, are insufficient to negate the results (MCL 168.952; MSA 6.1952).

*Faintuck, Schwedel, Wolfram, McDonald & Zipser,* for plaintiffs.

*Fabrizio, Miller & Graham, P.C.* (by *Douglas L. Webster),* for intervening defendants.

Before: N. J. KAUFMAN, P.J., and D. C. RILEY and J. X. THEILER,* JJ.

PER CURIAM. Plaintiffs appeal by leave a November 2, 1978, circuit court order denying their request for an injunction prohibiting the Oakland County clerk from placing the question of whether they should be recalled from office on the November 7, 1978, general election ballot.

The petitions in the case at bar stated the reasons for recall as: Incompetence in administering his/her duties as an elected official and in a manner not conducive to the better interests of the residents of the City of South Lyon.

On October 24, 1978, plaintiffs filed suit, alleging, *inter alia,* that the petitions were legally insufficient as they merely stated general conclusions in contravention of MCL 168.952; MSA 6.1952, which provides that such petitions "shall state clearly the reason or reasons for the recall." As a result, they contend, they were unable to effectively respond to the charges, and the electorate was uninformed as to the reasons for the proposed recall.

A show cause hearing was held on November 1, 1978. The following day the trial court ruled that the petitions satisfied the directive of the recall statute and Const 1963, art 2, § 8. By order en-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tered November 3, 1978, this Court granted plaintiffs' motion for immediate consideration, but denied leave to appeal without prejudice to plaintiffs' right to renew their application subsequent to the election of November 7, 1978. By order entered November 22, 1978, this Court, among other things, granted plaintiffs' application for leave to appeal and denied their motion to stay proceedings. From the lower court's original denial of injunctive relief,[1] plaintiffs now bring this appeal.

In pertinent part, Const 1908, art 3, § 8 provided:

"Laws shall be passed to preserve the purity of elections and guard against abuses of the elective franchise, and to provide for the recall of all elective officers."

As noted, MCL 168.952 presently[2] mandates that the reasons for recall must be clearly stated in the petition.

The statute received its first interpretation in *Newberg v Donnelly,* 235 Mich 531, 534-535; 209 NW 572 (1926). There the Court stated:

"It provides that the petition 'shall state clearly the reason or reasons' for recall. This statement must be such as will furnish information to the electors on which they may form a judgment on some act or failure to act which, in the absence of a sufficient justification, would warrant the recall."

*People, ex rel Elliot v O'Hara,* 246 Mich 312, 314-315; 224 NW 384 (1929), construing *Newberg,* said:

---

[1] Plaintiffs John Noel and Louise Anderson were recalled from office during the election in question.

[2] Although the statute was amended in 1976, 1976 PA 66, § 1, earlier versions did not materially differ insofar as the language at issue is concerned.

"Read in connection with the facts of the case, the ruling was that a petition is insufficient which merely charges an officer with doing what he has the legal right and duty to do, and which fails to set up facts, as distinguished from conclusions, showing misconduct. The statute obviously confines the reasons to conduct in relation to the office, as that is the declared character of the officer's justification. The reasons, then, must state facts which, if true, would show nonfeasance, misfeasance, or malfeasance in office.

\* \* \*

"The evident purpose of requiring a statement of reasons is to insure deliberate action by the electors and to discourage frequent, vexatious, or ambitious elections. The statute is to be construed in harmony with the reserved power of the people to recall their officers rather than with the requirements of charges to remove an officer.

\* \* \*

"It is enough that they [reasons for recall] be set up with sufficient particularity to enable the officer and electors to identify the transaction and know the charges made in connection therewith."

Two later decisions, *Amberg v Welsh,* 325 Mich 285; 38 NW2d 304 (1949), and *Eaton v Baker,* 334 Mich 521; 55 NW2d 77 (1952), merely reiterated the principles set forth in *Newberg* and *O'Hara.*

A change in the law occurred, however, with the Supreme Court's decision in *Wallace v Tripp,* 358 Mich 668, 680-681; 101 NW2d 312 (1960). *Wallace* overruled the previous cases to the extent they required that the reasons for recall constitute allegations of nonfeasance, misfeasance or malfeasance in office:

"The general rule appears to be that absent specific constitutional or statutory requirements, the sufficiency of reasons in a recall petition is for the determination of the electorate rather than the courts. *State, ex rel.*

*Topping, v. Houston, supra* [94 Neb 445, 455, 456; 143 NW 796 (1913)]; *Laam v. McLaren,* 28 Cal App 632 (153 P 985); *Conn v. City Council of Richmond,* 17 Cal App 705 (121 P 714).

"See, also, 106 ALR 555, 564; 28 Am Jur. Initiative, Referendum and Recall, § 51 *et seq.*

"Michigan's constitution and statute require a clear statement of reasons for recall based upon an act or acts in the course of conduct in office of the officer whose recall is sought. Beyond this, the Constitution reserves the power of recall to the people.

"The basic power is held by the people in both our nation and our State. Our State Constitution as presently drawn places much confidence in the proper functioning of an intelligent and informed electorate. The recall provision is illustrative of that confidence. We feel bound to uphold its provisions against the aberration contained in the *Newberg Case* and subsequently followed in the cases cited."

This holding was subsequently incorporated into the 1963 Michigan Constitution:

"Laws shall be enacted to provide for the recall of all elective officers * * *. *The sufficiency of any statement of reasons or grounds procedurally required shall be a political rather than a judicial question."* (Emphasis supplied.) Const 1963, art 2, § 8.

In the aftermath of *Wallace,* only one recent decision has dealt with the matter here in issue. In *Woods v̇ Clerk of Saginaw County,* 80 Mich App 596, 598-599; 264 NW2d 74 (1978), the challenged petitions stated:

"(1) That Mr. Woods misled the voters in his campaign for Supervisor by failing to disclose his plan for changing the Township Manager form of government without study and without a vote of the electorate; and/ or

"(2) That the township residents should have been allowed an opportunity to vote on such an essential matter as changing the existing form of Township government and significantly increasing the powers of the Supervisor."

In upholding the lower court's ruling that the charges suffered no deficiency, a panel of this Court reasoned as follows:

"The trial court found that the reasons were stated with sufficient clarity 'to enable the officer and electors to identify the transaction and know the charges made in connection therewith', *People, ex rel Elliot v O'Hara,* 246 Mich 312; 224 NW 384 (1929). We agree.

\* \* \*

"Plaintiffs' argument on appeal is not that he does not understand the charges against him, but that the charges are not grounds for recall. This is a challenge, not to the clarity, but to the sufficiency of the reasons for the recall, and is a matter not within the jurisdiction of this or any other court by the express terms of the constitutional provision quoted above."

Thus, it appears from the foregoing cases that the reasons set forth in a recall petition need no longer constitute allegations of nonfeasance, misfeasance or malfeasance in office, but that the specificity requirements enunciated in *Newberg* and its progeny remain extant. Indeed, in holding that the sufficiency of the reasons in a recall petition is an electoral rather than a justiciable question, *Wallace, supra,* at 678, 680, reaffirmed the necessity that the reasons, whatever they may be, must be stated with adequate clarity. We are in accord, and view such a rule as necessary, on one hand, to prevent abuse of the elective franchise by ensuring deliberate and *informed* action

by those called upon to sign the recall petition,[3] see *Wallace, supra,* at 676-677, *O'Hara, supra,* at 315, while at the same time affording the official sought to be recalled at least some minimal due process guarantees. MCL 168.966; MSA 5.1966 directs that the recall ballot shall include a statement of 200 words or less setting forth the official's justification for his conduct in office. A rule which dictates clarity in the reasons for recall gives the charged official sufficient notification of the actions he is called upon to defend and accords him information from which to frame a proper response in support of his performance.

Viewing the petitions in the present case, we are unable to conclude that "administrative incompetence" meets these requirements. Although we do not consider whether it qualifies as a sufficient justification for recall, *Wallace, supra,* it is equally clear that, under the principles discussed above, it does little to fulfill the criteria of the recall statute.

However, our holding that the lower court erred in its determination that the petitions satisfied the guidelines of MCL 168.952 only partially resolves the intant disputes, for plaintiffs allege that non-compliance with the statute renders the recall election invalid. We disagree.

"Ordinarily, provisions of an election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after an election such provisions are directory only, in support of the result, unless they are of such a character that their violation would effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the

---

[3] MCL 168.955; MSA 6.1955 requires that the petitions must be signed by registered and qualified voters equal to not less than 25 percent of the number of votes cast for governor at the last general election in the district of the officer sought to be removed.

result, or unless they affect an essential element of the election, or it is expressly declared by statute that compliance with them is essential to the validity of the election." 29 CJS, Elections, § 67. (Footnotes omitted.)

See *Richey v Monroe County Board of Education,* 346 Mich 156, 167; 77 NW2d 361 (1956), *Michigan Public Service Co v City of Cheboygan,* 324 Mich 309, 340; 37 NW2d 116 (1949), *City of Jackson v Comm'r of Revenue,* 316 Mich 694, 716-717; 26 NW2d 569 (1947), *Attorney General, ex rel Miller v Miller,* 266 Mich 127, 133; 253 NW 241 (1934).

A recall, as distinguished from the power of removal,[4] is a fundamental right reserved to the people by the Constitution,[5] being premised upon the theory that the right of the people to revoke an official commission which they have granted is coextensive with their original power to confer it. *O'Hara, supra,* at 314. Given that the power of recall is so firmly rooted within the discretion of the electorate, we are disinclined, absent any impropriety in the conduct of the election itself, to extinguish an expression of that will through an executed vote of an official's constituency. As was stated in *O'Hara, supra,* at 315, "[t]he statute [MCL 168.952; MSA 6.1952] is to be construed in harmony with the reserved power of the people to recall their officers". In consequence, therefore, we conclude that prior to election, the provisions of the recall statute are mandatory in nature. An aggrieved official may, during that period, petition for prompt, judicial determination of the clarity, but not the sufficiency, of the stated purposes behind the recall. Once an election is held, how-

---

[4] Proceedings for removal are court oriented, whereas those for recall are within the province of the electors. *Amberg v Welsh,* 325 Mich 285, 296; 38 NW2d 304 (1949).

[5] Const 1963, art 2, § 8.

ever, they are deemed directory and defects in the clarity of the reasons for recall, by themselves, are insufficient to negate the results. Logically, the effect of any error has been substantially eradicated through the partisan political debate occurring prior to the electoral vote.

The lower court's determination that the petitions satisfied the guidelines of the recall petition is reversed, however, the results of the recall election are upheld. No costs, a public question being involved.