MOLITOR v MILLER

Docket No. 50421. Submitted June 13, 1980, at Grand Rapids.—Decided December 3, 1980.

Defendant, Ernest R. Miller, sponsored a recall petition against plaintiff, Jerry Molitor, Selma Township Supervisor. Plaintiff filed a complaint and request for injunctive relief in Wexford Circuit Court, alleging that the reasons stated in the recall petition were so vague and nebulous that it was impossible for plaintiff to identify or answer any of the charges. The court, William R. Peterson, J., concluded that the reasons were conclusory and failed to adequately apprise the plaintiff or the electorate of the circumstances under which the alleged acts were committed. The court permanently enjoined the recall election and defendant appealed. *Held:*

Of the four allegations in the recall petition, the first two are clearly inadequate because they do not clearly inform the electorate regarding the nature and circumstances surrounding the alleged acts. The allegations are also insufficient in that they fail to supply the plaintiff with any notice of the incidents to which these allegations refer. The last two reasons listed in the recall petition are clearly stated allegations of misconduct. Both refer to specific acts of alleged misfeasance with sufficient clarity to enable both the plaintiff and the electors to identify the transactions and the substance of the claimed wrongdoing. In determining the validity of a recall petition, the statements are reveiwed as a whole and if any one allegation contained in the petition is sufficiently clear the petition must be upheld.

Reversed. The permanent injunction is dissolved.

ALLEN, P.J., dissented. He would find all four of the allegations insufficient without supplemental facts identifying the occasions when misconduct allegedly occurred.

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 26 Am Jur 2d, Elections § 200.
  63 Am Jur 2d, Public Officers and Employees § 238 *et seq.*

1. PUBLIC OFFICERS — RECALL PETITIONS — STATED PURPOSE OF RE-
   CALL — SUFFICIENCY OF REASONS — CLARITY — REVIEW BY THE
   COURT — CONSTITUTIONAL LAW — STATUTES.

   The question of whether stated reasons justify the recall of an
   elected officer is a matter specifically left to the electorate;
   thus, review by the Court of Appeals of the reasons stated in a
   recall petition is limited to a determination of whether the
   allegations are stated with ample clarity; the sufficiency of the
   grounds for the recall is beyond the Court's scrutiny (Const
   1963, art 2, § 8, MCL 168.952; MSA 6.1952).

2. PUBLIC OFFICERS — RECALL PETITIONS — VALIDITY OF PETITION.

   The Court of Appeals, in determining the validity of a recall
   petition, reviews the statements contained in the petition as a
   whole and if any one allegation contained in the petition is
   sufficiently clear the petition must be upheld.

3. PUBLIC OFFICERS — RECALL PETITIONS — CLARITY OF PETITION.

   Specific allegations of time, place, person or occasion are not
   required for a sufficiently clear recall petition nor is it neces-
   sary that the petitioner enumerate every single violation of
   state law or local procedure; all that is required is that the
   person be apprised of the course of conduct in office which is
   the basis of the recall drive so that he can defend against such
   charges.

4. PUBLIC OFFICERS — RECALL PETITIONS — CONSTRUCTION IN FAVOR
   OF DRAFTER.

   Any doubt should be resolved in favor of the individual formulat-
   ing a recall petition where the clarity of the reasons stated in
   the petition is a close question.

DISSENT BY ALLEN, P.J.

5. PUBLIC OFFICERS — RECALL PETITIONS — SPECIFICITY OF PETITION
   — STATUTES.

   *Dates, times, places and occasions are not required to be listed in
   a recall petition so long as the person charged may reasonably
   identify the incident and prepare his response as permitted
   under the statute on recall (MCL 168.966; MSA 6.1966).*

*Joseph G. Harris,* for plaintiff.

*H. Edward Dean,* for defendant on appeal.

Before: ALLEN, P.J., and D. F. WALSH and G. R. McDONALD,* JJ.

PER CURIAM. Defendant appeals the March 13, 1980, circuit court order permanently enjoining the recall petition of Jerry Molitor as Selma Township Supervisor.

After securing the requisite number of signatures of registered voters, defendant filed a recall petition with the Wexford County Clerk on or about February 1, 1980. The Wexford County Clerk and the Selma Township Clerk approved the petition as to sufficiency and form on or about February 4, 1980. Thereafter, a recall election was scheduled to take place April 15, 1980. The recall petition set forth the reasons in support of the recall of plaintiff as Selma Township Supervisor in the following language:

"Nonfeasance of office:
"Failure to conduct township business for the good and welfare of all residents:
"Conducting secret meetings in violation of the open meetings act:
"Failure to follow procedures set forth in the township officers manual: (appointments of committees, boards, etc.)"

On March 4, 1980, plaintiff filed a complaint and request for injunctive relief alleging that the reasons stated in the recall petition were so vague and nebulous that it was impossible for plaintiff to identify or answer any of the charges. After a hearing on March 13, 1980, the court ruled that the reasons were not "clearly stated", as required by MCL 168.952; MSA 6.1952. The court concluded that the reasons were conclusory and failed to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

adequately apprise the officer or the electorate of the circumstances under which the alleged acts were committed. The court permanently enjoined the recall election. It is from this determination that defendant appeals.

The question of whether stated reasons justify the recall of an elected officer is a matter specifically left to the electorate. Const 1963, art 2, § 8, provides:

"* * * The sufficiency of any statement of reasons or grounds procedurally required shall be a political rather than a judicial question."

See, *Wallace v Tripp,* 358 Mich 668; 101 NW2d 312 (1960), *Noel v Oakland County Clerk,* 92 Mich App 181; 284 NW2d 761 (1979), *Woods v Clerk of Saginaw County,* 80 Mich App 596; 264 NW2d 74 (1978).

However, MCL 168.952; MSA 6.1952, requires that a petition "for the recall of an officer shall * * * state clearly the reason or reasons" for the recall. Therefore, our review of the reasons stated in this recall petition is limited to a determination of whether the allegations are stated with ample clarity. The sufficiency of the grounds for the recall is beyond our scrutiny.

The term "clearly" has been defined as "[v]isible, unmistakable, in words of no uncertain meaning". Black's Law Dictionary (4th ed), p 318.

Certain guidelines for the assessment of "clearly stated reasons" in a recall petition have been set forth judicially. In *Eaton v Baker,* 334 Mich 521, 525-526; 55 NW2d 77 (1952), the Court summarized them in the following manner:

"In *People, ex rel Elliot v O'Hara* [246 Mich 312; 224 NW2d 384 (1929)] * * * we * * * stated that an allega-

tion was sufficient when it was 'a specific allegation of facts, and charges misconduct in office. *It is not insufficient because it does not allege the time, person, and occasion involved.* It must be presumed to refer to the ensuing term of office. It clearly states the charge so the officer may identify the incident and prepare his justification, and it informs the electors of the specific character and instance of official misconduct relied on for recall.'

"We further held that:

" 'In view of the general application of the statute to even the smallest municipalities, where such petitions would often be drafted by laymen, *it would impose too great a burden on recall proceedings to require meticulous and technical detailed statement of the charges.' "* (Emphasis supplied.)

The policy reasons underlying these guidelines were expressed by the Supreme Court as follows:

"Michigan's Constitution and statute require a clear statement of reasons for recall based upon an act or acts in the course of conduct in office of the officer whose recall is sought. Beyond this, the Constitution reserves the power of recall to the people.

"The basic power is held by the people in both our nation and our State. Our State Constitution as presently drawn places much confidence in the proper functioning of an intelligent and informed electorate. The recall provision is illustrative of that confidence." *Wallace v Tripp, supra,* 680.

In *Noel v Oakland County Clerk, supra,* the plaintiffs challenged the reasons stated in the recall petition on the grounds that they were conclusory and not clearly stated. Plaintiffs contended that they were unable to respond effectively to the charges and that the electorate remained uninformed as to the reasons for the recall. The reasons in the petition were stated as:

"Incompetence in administering his/her duties as an elected official and in a manner not conducive to the better interests of the residents of the City of South Lyon." *Noel, supra,* 183. The *Noel* Court found such general charges to be inadequate under the statute because the officer and the electorate were unable to identify the transaction and know the charges made in connection with the alleged misconduct.

In *Amberg v Welsh,* 325 Mich 285; 38 NW2d 304 (1949), the Court determined that the recall petition was valid since it clearly stated facts, not conclusions, and furnished adequate information to the electors. One of the reasons stated in the petition charged that an officer "[v]iolated standing commission rules by refusing citizens right to be heard at commission meetings on May 9, 1949". *Amberg, supra,* 289.

In determining the validity of the petition, we review the statements as a whole. That is, if any one allegation contained in the petition is sufficiently clear, then the petition must be upheld. *Amberg, supra,* 293-294.

After reviewing the reasons stated in the petition in the instant case, we find the first two allegations clearly inadequate under the statute. Suggestions that the officer may have been guilty of nonfeasance in office or that he failed to conduct township business for the good and welfare of all residents do not clearly inform the electorate regarding the nature and circumstances surrounding these acts. Additionally, the reasons are insufficient in that they fail to supply the official with any notice of the incidents to which these allegations refer. The first two allegations are very similar to the reasons for recall found insufficient in *Noel, supra.*

However, in our opinion reasons 3 and 4 are "clearly stated" allegations of misconduct. Both refer to specific acts of alleged misfeasance, that is, the violation of a particular state law and the township's procedural rules. The former alleges a breach of the Open Meetings Act and the latter claims a failure to abide by the proper township procedure in the appointment of committees and boards. These reasons for recall are far more specific than the abstract principles found deficient in *Noel* and are similar to the allegation considered sufficient in *Amberg, supra.*

We are convinced that the latter two allegations were stated with sufficient clarity to enable both the officer and the electors to identify the transactions and the substance of the claimed wrongdoing. Specific allegations of time, place, person or occasion are not required for a sufficiently clear petition. *People, ex rel Elliot v O'Hara, supra.* Nor is it necessary that the petitioner enumerate every single violation of the state law and township procedures. As long as plaintiff was apprised of the course of conduct in office which is the basis of the recall drive, he can defend against such charges. *Wallace v Tripp, supra,* 680. Reasons 3 and 4 focused the attention of the officer and the voter on the specific conduct that is alleged to be violative of state law and township procedure. Certainly the supervisor could prepare a response to such charges, either by a general denial or by explanation of any conduct which may have been at variance with the appropriate statute or rule. Although supervisor Molitor assumed his office in 1967 and was elected to successive two-year terms since 1968, it must be presumed that the petition refers to conduct taken subsequent to an ensuing term of office. *Eaton v Baker, supra.*

We are persuaded that the petition in this case provided plaintiff with fair notice of the charges brought against him. Where the clarity of the reasons stated in the petition is a close question, doubt should be resolved in favor of the individual formulating the petition. To require overly detailed statements of charges would serve to complicate the recall process and defeat the underlying purpose of the recall petition, *i.e.,* "an effective and speedy remedy to remove an official who is not giving satisfaction". *Wallace v Tripp, supra,* 678, quoting *Dunham v Ardery,* 43 Okla 619, 625-626; 143 P 331 (1914).

The decision of the trial court is reversed and the permanent injunction is dissolved.

ALLEN, P.J. *(dissenting).* I respectfully dissent. Reasons three and four in the recall petition refer to specific acts of alleged misfeasance or nonfeasance, but no date, place or time is set forth. However, specific allegations of time, place, person or occasion are not *necessarily* required. *People, ex rel Elliot v O'Hara,* 246 Mich 312; 224 NW 384 (1929), *Eaton v Baker,* 334 Mich 521, 525; 55 NW2d 77 (1952). Date, time, and place are not required if the person charged may reasonably identify the incident and prepare his response as permitted under § 966 of the statute on recall.[1] Thus, in *Elliot,* the petition stated a specific sum of money ($60) withheld from a specifically named person. In *Eaton,* the petition stated continuing alleged wrongful acts (receipt of salary and use of a school station wagon). In *Amberg v Welsh,* 325 Mich 285, 293-294; 38 NW2d 304 (1949), one of the

[1] Under MCL 168.966; MSA 6.1966, the person whose recall is sought has the right to draft and have included on the recall ballot a 200 word statement defending his conduct.

several reasons for recall alleged a specific date.[2] In each of these cases, the Court found that the reasons stated were sufficiently specific to identify the incident charged and thus permit the official to prepare his response.

Reason three charges the officer with "conducting secret meetings". Does this reasonably identify the specific wrongdoing so as to allow the officer to prepare his defense? I think not. As noted by the trial judge, certain types of meetings may be held in secret without violating the Open Meetings Act. MCL 15.268; MSA 4.1800(18). The only way plaintiff could answer the charge would be by a blanket denial covering the entire period of his last elected term of office, viz.: January 1, 1979, to the date the recall petitions were filed on or about February 1, 1980. In my opinion, some supplemental facts identifying the occasion or occasions were needed in order to provide the electorate and the officer with adequate information. Unlike *Eaton, supra, Amberg, supra,* and *Woods v Clerk of Saginaw County,* 80 Mich App 596; 264 NW2d 74 (1978), the alleged reason does not identify the particular occasion or incident charged.

For similar reasons, I find reason four deficient. The allegation that plaintiff failed to follow procedures set forth in the township manual regarding "appointments of committees, boards, etc.," does not meet the requirement of clarity. No time frame is supplied and no specific appointment is given. Particularly vague is the "etc.". Without some more specificity, the officer is unable to prepare an adequate explanation and the electorate is unable to render an informed decision when called upon to sign the petition.

My brethren call attention to the new para-

[2] "Violated standing commission rules by refusing citizens right to be heard at commission meetings on May 9, 1949." *Amberg, supra,* 289.

graph regarding recall added when the 1963 Constitution was adopted,[3] and argue that under the new language, reasons three and four of the instant petition are sufficiently clear. Though the issue is obviously close, I disagree. The intent and meaning of the new constitutional language is described in *Noel v Oakland County Clerk,* 92 Mich App 181; 284 NW2d 761 (1979). In that case, this Court held that while the new language broadened the reasons for which an official might be recalled, it did not weaken or do away with the clarity with which the reasons must be stated.

"Thus, it appears from the foregoing cases that the reasons set forth in a recall petition need no longer constitute allegations of nonfeasance, misfeasance or malfeasance in office, *but that the specificity requirements enunciated in Newberg [Newberg v Donnelly,* 235 Mich 531; 209 NW2d 572 (1976)] *and its progeny remain extant.* Indeed, in holding that the sufficiency of the reasons in a recall petition is an electoral rather than a justiciable question, *Wallace, supra,* at 678, 680, reaffirmed the necessity that the reasons, whatever they may be, *must be stated with adequate clarity.* We are in accord, and view such a rule as necessary, on one hand, to prevent abuse of the elective franchise by ensuring deliberate and *informed* action by those called upon to sign the recall petition." (Emphasis supplied.) *Id.,* 187-188.

One must look at the petition as a whole and decide if the reasons stated, when collectively considered, meet the test of clarity. In my judgment, four inadequacies taken as a whole do not become adequate. If anything, when viewed in their entirety, the task of defense and response is made more difficult. Accordingly, I would affirm the respected trial court's decision.

---

[3] Const 1963, art 2, § 8 provides: "* * * The sufficiency of any statement of reasons or grounds procedurally required shall be a political rather than a judicial question."