DIMAS v MACOMB COUNTY ELECTION COMMISSION
KLEIN v MACOMB COUNTY ELECTION COMMISSION

Docket Nos. 231727, 231730. Submitted October 18, 2001, at Detroit. Decided December 7, 2001, at 9:20 A.M. Leave to appeal sought.

George L. Dimas appealed to the Macomb Circuit Court the approval by the Macomb County Election Commission of a recall petition filed by Scott Stevens, seeking the recall of Dimas, a member of the Warren City Council, on the basis of Dimas' vote at a council meeting to raise the city's potable water rates.

Ann E. Klein and Charles T. Busse, members of the Warren City Council, brought an identical appeal in the Macomb Circuit Court with regard to the approval of Stevens' recall petitions regarding them. The court, Michael D. Schwartz, J., consolidated the appeals and reversed the commission's holding, finding that the approved petitions were not sufficiently clear. The Court of Appeals granted Stevens' delayed applications for leave to appeal with regard to Dimas (Docket No. 231727) and Klein and Busse (Docket No. 231730), and consolidated the appeals.

The Court of Appeals *held*:

1. The election commission is statutorily required to determine whether each reason for the recall stated in the petition is of sufficient clarity to enable the officer whose recall is sought and the electors to identify the course of conduct that is the basis for the recall. A meticulous and detailed statement of the charges is not required. Where the clarity of the reason stated in the petition is a close question, doubt should be resolved in favor of the individual formulating the petition.

2. The petition language here was of sufficient clarity. The order of the circuit court must be reversed and the matter must be remanded for further proceedings.

3. The statutory requirement that a petition for the recall of an officer "[s]tate clearly each reason for the recall" requires each reason that the petitioner includes on the petition to be stated clearly. It does not require that the petitioner must include on the petition "every" reason for the recall.

Reversed and remanded.

1. PUBLIC OFFICERS — RECALL PETITIONS.

    The statutory requirement that a petition for the recall of an office-holder state clearly each reason for the recall does not require a meticulous and detailed statement of the charges against the office-holder and is satisfied where each reason for the recall stated in the petition is of sufficient clarity to enable the officeholder and the electors to identify the course of conduct that is the basis for the recall; doubt should be resolved in favor of the person formulating the petition where the clarity of the reasons stated in the petition is a close question (MCL 168.952[1][c], [3]).

2. PUBLIC OFFICERS — RECALL PETITIONS.

    The statutory requirement that a petition for the recall of an office-holder "state clearly each reason for the recall" requires that each reason stated on the petition be stated clearly; it does not require every reason for the recall to be stated on the petition (MCL 168.952[1][c]).

*York, Dolan & Ciaramitaro, P.C.* (by *Timothy D. Tomlinson* and *John A. Dolan*), for George L. Dimas, Ann E. Klein, and Charles T. Busse.

*Rodnick, Unger & Kaner, P.C.* (by *N. Rick Unger*), for Scott Stevens.

Before: BANDSTRA, C.J., and DOCTOROFF and WHITE, JJ.

BANDSTRA, C.J. In these consolidated appeals, Scott Stevens (hereafter appellant) appeals by leave granted from an order of the circuit court holding that recall petitions appellant wished to circulate did not satisfy the requirements of MCL 168.952(1)(c). We reverse and remand for further proceedings.

FACTS

    On June 5, 2000, appellant filed a total of twenty-seven recall petitions with the Macomb County Elec-

tion Commission.[1] These petitions set forth nine allegations against each of three Warren City Council members—George L. Dimas, Charles T. Busse, and Ann E. Klein (hereafter appellees). When the commission met to certify the petitions, however, it approved only one of the nine against each member, rejecting the remaining eight as insufficiently clear.[2]

Other than the names of the council members, the language in the three approved petitions was essentially identical and alleged that

> during a Warren City Council meeting on December 21, 1999, [council members George L. Dimas, Charles T. Busse, and Ann E. Klein] voted to raise Warren's potable water rates by 10.97% to its consumers.

In separate actions, Dimas, followed by Busse and Klein, appealed to the circuit court, arguing that the commission should not have approved the petitions under MCL 168.952 because (1) appellant had failed to state "each reason [for the recall] in a single petition," and (2) the petitions were not sufficiently clear with respect to the reason for the recall. After consolidating the appeals, the circuit court reversed the commission's holding, finding that the approved petitions were not sufficiently clear and that, therefore, the first of the questions presented was moot. Appellant subsequently filed delayed applications for leave to appeal, which this Court granted. This Court also consolidated the appeals.

---

[1] Although a party to the action below, the Macomb County Election Commission is not a party to this appeal.

[2] See MCL 168.925(3), hereinafter discussed. Appellant did not appeal the commission's rejection of the other eight petitions filed against each of the three appellees.

ANALYSIS

Resolution of this appeal entails a matter of statutory construction. This Court reviews such questions de novo.[3]

Recalls of elected officials in Michigan are governed by MCL 168.951 *et seq.* Subsection 952(1) sets forth the requirements for a recall petition. It reads, in relevant part, as follows:

> A petition for the recall of an officer shall meet all of the following requirements:
>
> *     *     *
>
> (c) State clearly each reason for the recall. Each reason for the recall shall be based upon the officer's conduct during his or her current term of office. The reason for the recall may be typewritten.[4]

Subsection 952(3) requires the election commission to make a prompt determination "whether each reason for the recall stated in the petition is of sufficient clarity to enable the officer whose recall is sought and the electors to identify the course of conduct that is the basis for the recall."[5]

The standard of review for clarity of recall petitions has been described as both "lenient,"[6] and "very lenient."[7] "Thus, recall review by the courts should be

---

[3] *Oxendine v Secretary of State*, 237 Mich App 346, 348-349; 602 NW2d 847 (1999).

[4] MCL 168.952(1)(c).

[5] MCL 168.952(3).

[6] *Meyers v Patchkowski*, 216 Mich App 513, 517; 549 NW2d 602 (1996).

[7] *In re Wayne Co Election Comm*, 150 Mich App 427, 438; 388 NW2d 707 (1986).

very, very limited."[8] A meticulous and detailed statement of the charges against an officeholder is not required.[9] It is sufficient if an officeholder is apprised of the course of conduct in office that is the basis of the recall drive, so that a defense can be mounted regarding that conduct.[10] "Where the clarity of the reasons stated in the petition is a close question, doubt should be resolved in favor of the individual formulating the petition."[11]

The vast majority of panels of this Court have found that the reasons stated in the recall petitions before them were sufficiently clear. For example, in *Molitor v Miller*[12] the panel found the following statements of reason to be acceptable:

"Conducting secret meetings in violation of the open meetings act:

"Failure to follow procedures set forth in the township officers manual: (appointments of committees, boards, etc.)[13]

The panel in *Mastin v Oakland Co Elections Comm*[14] similarly found the following language to be sufficiently clear:

"1. Failure to faithfully represent the people of the 8th Senatorial District by voting on March 23, 1983, to report a

---

[8] *Mastin v Oakland Co Elections Comm*, 128 Mich App 789, 793; 341 NW2d 797 (1983).

[9] See *Molitor v Miller*, 102 Mich App 344, 348; 301 NW2d 532 (1980), quoting *Eaton v Baker*, 334 Mich 521, 525-526; 55 NW2d 77 (1952).

[10] *Molitor*, n 9 *supra* at 350.

[11] *Id.* at 351.

[12] *Molitor*, n 9 *supra* at 350.

[13] *Id.* at 346.

[14] *Mastin*, n 8 *supra* at 800.

tax increase bill (HB 4092) out of committee with a recommendation for passage.

"2. Failure to faithfully represent the people of the 8th Senatorial District by voting 'yes' on March 24, 1983, to a bill increasing the State income tax (HB 4092)."[15]

Finally, the panel in *Schmidt v Genesee Co Clerk*[16] found that, taken as a whole, the following language met the clarity standards required by the statute:

"Ex-HIBITED SPEND AND TAX—TAX and SPEND mentality. At a time when governmental units are cutting back on budget expenditures and laying off people the above elected official presented the 1982 budget which was a increase of $400,000.00 over the 1981 budget (December 7, 1981). — INCREASED the budget again by another additional $185,516.00 on August 2, 1982, which can only result in future higher taxes. —Voted, at a special, not regular meeting, to INCREASE operational taxes by one mill without a vote of the people. —INCREASED sewer and water rates above the recommendation of the County. —Voted to spend $63,000.00 to RE-ASSESS ALL TOWNSHIP PROPERTIES. —Acted to violate the provisions of the Charter Township Act requiring the budget to be presented for public inspection before adoption. —Allowed Township Funds to be invested in UN-AUTHORIZED ACCOUNT and not available for public inspection. —Failed to follow campaign promise to give open, clean, honest, and efficient government, and at all times be available to serve and to administer the Township efficiently and remain within a budget."[17]

In contrast to these cases, the panel in *Noel v Oakland Co Clerk*[18] was presented with language determined to be insufficiently specific: "Incompetence in

---

[15] *Id.* at 792.

[16] *Schmidt v Genesee Co Clerk*, 127 Mich App 694; 339 NW2d 526 (1983).

[17] *Id.* at 698.

[18] *Noel v Oakland Co Clerk*, 92 Mich App 181; 284 NW2d 761 (1979).

administering his/her duties as an elected official and in a manner not conducive to the better interests of the residents of the City of South Lyon."[19]

Unlike the general language rejected by the *Noel* panel, the language at issue here is "of sufficient clarity to enable the officer whose recall is sought and the electors to identify the course of conduct that is the basis for the recall."[20] The petition refers to a specific action, "vot[ing] to raise Warren's potable water rates," at a specific event, "a Warren City Council Meeting on December 21, 1999," with a specified outcome, an increase of "potable water rates by 10.97% to [Warren's] consumers." While Warren may have more than one potable water rate, accepting appellees' argument that the petition language failed because it did not specify which rate was voted on would require just the kind of meticulous and detailed statement that has been previously found unnecessary.[21] Further, only one of Warren's water rates was at issue at the December 21 council meeting and reference to the vote on that date sufficiently identified the challenged conduct. We thus conclude that the circuit court erred in determining that the recall petition was not "of sufficient clarity" under MCL 168.952(3).

We next turn our attention to the question considered moot by the trial court – whether the statute was violated because appellant failed to state each reason for which recall was sought in a single peti-

---

[19] *Id.* at 183.

[20] MCL 168.952(3).

[21] *Molitor,* n 9 *supra* at 348.

tion.[22] "[T]he primary rule of statutory construction is to determine and effectuate the intent of the Legislature through reasonable construction in consideration of the purpose of the statute and the object sought to be accomplished."[23] If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted.[24] If judicial interpretation is necessary, the Legislature's intent must be gathered from the language used, and the language must be given its ordinary meaning.[25] In determining legislative intent, statutory language is given the reasonable construction that best accomplishes the purpose of the statute.[26]

As noted above, MCL 168.952(1)(c) requires that a petition for the recall of an officer "[s]tate clearly each reason for the recall." Appellees argue that the word "each," as used in the statute, means that a petitioner must include every reason for the recall on a petition. In doing so, they cite the definition of "each" found in Black's Law Dictionary, which states that "[t]he word 'any' is equivalent to 'each' [and] '[e]ach' is synonymous with 'all' . . . ."[27]

---

[22] Although we do not ordinarily review questions of law that have not been decided by the lower court, we do so here because this is an issue of public significance "which may recur and yet evade review." See *Highland Recreation Defense Foundation v Natural Resources Comm*, 180 Mich App 324, 327; 446 NW2d 895 (1989). We note that the length of an official's term is oftentimes shorter than the time it may take for this type of issue to reach this Court. See *Meyers*, n 6 *supra* at 518-519.

[23] *Gross v General Motors Corp*, 448 Mich 147, 158-159; 528 NW2d 707 (1995).

[24] *Mino v McCarthy*, 209 Mich App 302, 304; 530 NW2d 779 (1995).

[25] *Id.* at 304-305.

[26] *Id.* at 305.

[27] Black's Law Dictionary (6th ed), p 507 (citations omitted).

We do not conclude that this generalized definition of "each" can be applied in the context of the statute at issue here. Instead, we conclude that the word "each" is used in the statute to link the phrase "state clearly" with the phrase "reason for the recall." In other words, to paraphrase the statute, the requirement is that *each reason* the petitioner includes on the petition *shall be stated clearly*. This understanding of "each" is consistent with the overall statutory goal of assuring sufficient clarity regarding the reasons for a recall, as discussed above. In contrast, reading "each" as requiring that "every" reason must be presented does not advance any similar statutory goal.

Had the Legislature intended that petitions contain "each and every" or "all" reasons for recall, that language could have easily been used. Similarly, other sections set clear limits on the filing of recall petitions. For example, MCL 168.951 specifies when during an official's term a petition may be filed, and MCL 168.969 makes provision for election cost reimbursement in repetitive recall situations. A requirement that all a petitioner's reasons for recall be included in the petition could have been set forth in one of these sections, had that been the legislative intent.

The election commission properly determined that the three petitions at issue here complied with the statute. We reverse the decision of the circuit court to the contrary and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.