MIDLAND v ARBURY

1. MUNICIPAL CORPORATIONS—CITY CHARTERS—AMENDMENT—REVISION.

A change in a city charter which only amends, alters, or improves within the lines of the original charter, is an amendment; but if the change totally disrupts, cancels, abrogates, or makes inoperable the original charter, it is a revision.

2. MUNICIPAL CORPORATION—CITY CHARTER—CHANGE IN GOVERNMENT FORM—REVISION.

A change in the form of government of a home rule city may be made only by revision of the city charter, not by amendment.

3. MUNICIPAL CORPORATIONS — RECALL OF CITY MANAGER — CITY CHARTER—REVISION.

A change in a city charter that allows for the recall of the city manager so fundamentally changes a charter providing for a city manager form of government that the change must be made in the form of a revision of the charter and not by amendment.

Appeal from Midland, James J. Rood, J. Submitted Division 3 November 11, 1971, at Lansing. (Docket No. 11992.) Decided February 25, 1972. Leave to appeal denied, 387 Mich 784.

Complaint by the City of Midland against Anderson Arbury, as the circulator of an initiative petition which led to the amendment of the Midland City Charter, for a judgment declaring the amendment unconstitutional. Judgment for plaintiff. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES

[1-3] 56 Am Jur 2d, Municipal Corporations §§ 51-55, 125-138,

*Patrick H. Hynes,* City Attorney, for plaintiff.

*Charles C. Legatz,* for defendant.

Before: McGREGOR, P. J., and FITZGERALD and QUINN, JJ.

McGREGOR, P. J. This action was commenced by the City of Midland on September 1, 1970, against defendant as the circulator of a petition requesting that § 10.16 of the city charter, dealing with recall, be amended.

The proposed amendment, passed by the electorate on November 3, 1970, adds the city manager to the officers subject to voter recall and reads as follows:

"Any elective and *one appointed* officer, *the city manager,* may be removed from office by the electors of the city in the manner provided by the general laws of the state. Vacancy created by the recall of any elective and *one appointed* officer, *the city manager,* shall be filled in the manner prescribed by law." (Amendment additions to the original § 10.16 are in italics.)

Defendant contends that the proposal is an amendment and its passage conformed to statutory procedure and is valid, and that it is not unconstitutional simply to add the city manager to the list of officers subject to voter recall.

Plaintiff argues that it is unconstitutional to amend the city charter with a provision permitting the recall of a nonelective officer and that the amendment is void and unconstitutional because the change was in fact a charter revision rather than an amendment.

The case was submitted to the trial court as a question of law on the pleadings. In a published opinion, the trial court held that:

"This opinion is not intended to, nor does it, hold that the electorate cannot change the charter of the City of Midland to provide for the recall of the city manager, as well as other administrative officers, if they so desire, *but this change should be accomplished by revision of the charter and the creation of a different form of city government.* Such a change would obviously not be a council-city manager form of government.

"For the reasons hereinbefore stated, a judgment may be entered declaring the revision of the city charter to be illegal and of no effect." (Emphasis added.)

On appeal there are two issues: first, this Court is asked whether, under the 1963 Michigan Constitution, a city charter may be amended so as to provide for the recall of a nonelective city official; second, the question is whether the proposal to change the original city charter is a charter amendment or a charter revision. Constitutional questions need not be decided where a case may be disposed of without such a determination. *MacLean* v *State Board of Control for Vocational Education,* 294 Mich 45 (1940); *Cole* v *Battle Creek,* 298 Mich 98 (1941); *In re Winkle,* 372 Mich 292, 325 (1964). Our decision on the second issue makes it unnecessary for us to determine whether or not the provisions of the state constitution of 1963 and related statutes, concerning the recall of a nonelective city manager, are constitutional.

Defendant's proposed charter change was drafted in the form of an amendment and was passed in accordance with the procedure covering amendments. MCLA 117.21; MSA 5.2100. Plaintiff contends that the proposal is a charter revision which is a totally different concept, and is procedurally controlled by MCLA 117.18; MSA 5.2097.

If the proposed change only amends, alters, or improves within the lines of the original charter, it is an amendment and the passage by the city electorate was valid. But, if the proposed change totally disrupts, cancels, abrogates, or makes inoperable the original charter, it is a revision and the amendment procedure and vote is subject to reversal.

A change in the form of government of a home rule city may be made only by revision of the city charter, not by amendment. In *Kelly v Laing,* 259 Mich 212, 217 (1932), the Court stated:

" 'Revision' and 'amendment' have the common characteristics of working changes in the charter and are sometimes used inexactly, but there is an essential difference between them. Revision implies a re-examination of the whole law and a redraft without obligation to maintain the form, scheme, or structure of the old. As applied to fundamental law, such as a constitution or charter, it suggests a convention to examine the whole subject and to prepare and submit a new instrument, whether the desired changes from the old be few or many. Amendment implies continuance of the general plan and purport of the law, with corrections to better accomplish its purpose. *Basically, revision suggests fundamental change, while amendment is a correction of detail.*" (Emphasis added.)

The Michigan Supreme Court has examined the theory of recall on several occasions. In *Amberg v Welsh,* 325 Mich 285, 296 (1949), the Court stated:

"It must be borne in mind that proceedings for recall differ very materially from those for removal from office. Proceedings for removal are court proceedings and those for recall are passed upon by the electors. The leading case in this State is *People ex rel Elliot v O'Hara,* 246 Mich 312 (1929), wherein Mr. Justice FEAD, speaking for the Court, stated:

" 'It hardly need be pointed out that the recall is fundamentally different from proceedings for removal of an officer. The theory of the recall is that the right of the people to revoke an official commission which they have granted is coextensive with their initial power to grant it.' "

As the proposal submitted to the voters institutes a fundamentally different method of removing a city manager, it follows that such a change in the charter would have to be accomplished by revision rather than amendment.

The Midland charter provides for a city council in which all of the powers of the city are vested, including direction, supervision, and policy decisions relative to the acts and duties of the city manager. He can be removed by them for cause or noncompliance.

In his written opinion, the trial court held that:

"The effect of the amendment providing for the recall of the city manager, in the opinion of this court, changes the fundamental concept of commissioner-city manager government. The charter places certain responsibilities upon the city manager. These, amongst others, consist of recommendations from him to the council and vest him with the entire administration of the city subject to the directives and policy decisions of the council. If the city manager is not performing his functions correctly, he can be removed under the charter by the city council in accordance with the procedures therein set up. Under the amendment, a city manager who is performing his duties properly, legally and in exact accordance with his instructions could be recalled merely because he had incurred the disfavor of the electorate. The effect of this provision means that the city manager would no longer be controlled by the city council but would be obliged to curry favor with the public under penalty of

being recalled. In short, he could have two masters and it would be impossible for him to serve both properly. The net result of this provision, permitting the recall of the city manager, is to effectively destroy the city manager form of government, in the opinion of the court. If the directives given to the city manager by the city council are not in accordance with the wishes and desires of the public, then, the proper procedure would be the recall of the council who are elected by the public and answerable to the public for the actions of the city manager under their direction."

We agree with the court that the innocuous-appearing proposed charter amendment would effectively destroy the city manager form of government. Such a change would result in much more than a mere *amendment* of the charter; it would constitute a substantial *revision* of that document.

Thus, the proposed change in the city charter should be effected by means of a charter revision, pursuant to MCLA 117.18; MSA 5.2097.

Our decision herein makes unnecessary any further discussion on the constitutional issue raised by this appeal.

The trial court's holding that the proposed charter change was a revision and that the attempted amendment procedure was illegal and of no effect is affirmed. No costs are awarded, as a public question is involved.

All concurred.