STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-06-24

EDWARD KARYTKO, et al.,

Petitioners

v.

**ORDER**

TOWN OF KENNEBUNK,

Defendant

DONALD L. GARBRECHT
LAW LIBRARY

OCT 16 2006

This case comes before the Court on the 80B Appeal of Petitioners Edward Karytko, Bruce Coyne, and other residents of the Town of Kennebunk. Following hearing, the appeal is Denied.

## FACTS

Petitioners Edward Karytko and Bruce Coyne, *et al.* ("Petitioners") are residents and registered voters in Kennebunk. Between May 2005 and April 2006, they and other voters collected 1,026 signatures on a citizens' petition to change the Charter of Respondent, the Town of Kennebunk ("Town"). The petition sought an amendment to require that municipal budget issues be "voted by secret ballot by referendum only." Additionally, the proposed change would include other adjustments to the Town meeting process pertaining to budget approval, including a restriction on the number of special Town meetings to consider the budget. According to Petitioners' brief, a secret ballot voting system would allow for the submission of absentee ballots, which would enfranchise those voters who are unable to attend Town meetings.

The Kennebunk Taxpayers' Association requested an opinion from the Town's attorney about the nature of the proposed change. The Town's attorney characterized the change as a significant revision requiring review by a Charter Commission; another attorney, consulted by the petitioners, characterized it as a mere amendment appropriate for voter action. Petitioners wanted this issue to appear on the June or November 2006 ballot for voters' consideration.

The Town's Board of Selectmen, a five-member governing body, convened to address the issue on April 25, 2006. The Board voted to reject the petition because, in its view, the citizens sought a revision, not an amendment, and revisions are subject to the evaluation of a Charter Commission. Following this vote, three members of the Board voted to send the petition to a Charter Commission. On the June 2006 ballot, however, voters rejected formation of a commission, effectively killing the amendment.[1]

Claiming that the Town has "failed or refused to act" on its petition, Petitioners filed this 80B appeal, seeking to have this issue placed on the November 2006 ballot.[2] They argue that the Board's action violated their statutory rights, as the change that they proposed was an amendment and should have been placed before the Town in June 2006.[3] The Town raised several affirmative defenses; the critical issue for the Court's consideration is the Town's contention that because this change was a revision,

---

[1] The question was whether a Commission should be established to revise the Charter; the vote was 1005 yes and 1082 no.

[2] Petitioners later moved to amend their complaint to add eight additional citizens per 30-A M.R.S. §2108(2) (2005) and filed an amended complaint concurrently with the motion. The Court may grant motions to amend pleadings "when justice so requires." M.R. Civ. P. 15(a); see Diversified Foods, Inc. v. First Natl. Bank of Boston, 605 A.2d 609, 616 (Me. 1992). The Court granted the motion to amend at oral argument on October 4, 2006 after determining that the Town would not be prejudiced by the addition of eight Petitioners.

[3] Petitioners also contend that the Board violated their constitutional rights, disenfranchising them by not permitting a vote on the issue. This Court finds no violation of the fundamental right to vote. Petitioners are free to pursue a Charter revision or amendment in a future election.

2

a commission was required.[4] Thus, the Town contends that the appeal should be dismissed or the actions of the Board should be affirmed.

## DISCUSSION

1.  Did the Board Err When It Determined That a Charter Commission was Required?

In its intermediate appellate capacity, the Superior Court typically reviews the record of the proceedings before the municipal body for abuse of discretion, errors of law, or findings unsupported by substantial evidence. *Priestly v. Town of Hermon,* 2003 ME 9, ¶6, 814 A.2d 995, 997; M.R. Civ. P. 80B(f). The central issue in dispute here is whether the change proposed by the voters requires review by a Charter Commission. Such an issue is a mixed question of law and fact, as assessing the legal distinction between an amendment and a revision requires a fact-based inquiry into the specific nature of the proposed change. Analysis of any mixed question typically calls for "bifurcated appellate review with the ... factual findings reviewed for clear error and its legal conclusions reviewed de novo." *McGowan v. State,* 2006 ME 16, ¶14, 894 A.2d 493, 497.

First, the Court must consider the legal distinction between a revision and an amendment of a municipal Charter. No Maine case law precisely defines whether a proposed change is, in fact, an amendment and not a revision,[5] although the statute that

---

[4]     Due to the time-sensitive nature of this appeal, the Court will not discuss at length the Town's argument that the case is moot because voters rejected formation of a Commission. The Court will assume that the appeal is not moot because the language of the petition differs from the language of the question on the June 2006 ballot. *See Campaign for Sensible Transp. v. Me. Turnpike Auth.,* 658 A.2d 213, 215 (Me. 1995) (addressing non-justiciability and exceptions to mootness).

[5]     As Maine courts have not definitively addressed this issue, the Town points the Court to a Michigan case discussing a Charter change to allow voter recall of a city manager; the Michigan court characterized this as a revision. *Midland v. Arbury,* 197 N.W.2d 134, 137 (Mich. 1972). That court noted that if a change merely amends text of the Charter, it is an amendment and the electorate properly considered it. *Id.* at 135. If, however, the change "disrupts, cancels, abrogates, or makes inoperable the original charter, it is a revision." *Id.*

3

addresses voting on Charter changes sets forth two different procedures for revisions and amendments. 30-A M.R.S.A. §2105 (2005). Revisions must be approved by a Commission prior to submission to voters, *Id.* §2105(1), and amendments are simply put before voters without review, *Id.* §2105(2). Additionally, amendments must "be limited to a single subject, but more than one section of the Charter may be amended as long as it is germane to that subject." *Id.* §2104(2)(A). The Town, therefore, argues that the legislature intended an additional layer of review when a significant revision is involved, as opposed to a single-subject, minor amendment. In its discretion, the Board "may determine that the revision of the municipal charter be considered . . . and . . . provide for the establishment of a Charter commission to carry out that purpose." *Id.* §2102(1). Additionally, the Law Court has stated that "a municipality is not obligated to put every citizen-initiated charter amendment on the municipal ballot." *Nasberg v. City of Augusta,* 662 A.2d 227, 229 (Me. 1995). However, Petitioners maintain that the Board should have treated this change as a simple amendment on which citizens should vote. This Court must then evaluate whether the Board's factual conclusion that this particular initiative involved a significant change to the structure of Town government was erroneous.

After obtaining an opinion letter from its attorney and discussing the citizens' petition at the April 2006 meeting, the Board concluded that the petition would result in a revision of the Charter because it called for significant changes regarding several subjects. The petition not only alters the manner of voting on the budget, but also limits the number of Town meetings that may be held to consider budget issues and precludes holding a special Town meeting to address the budget within four months of the first vote. Further, the default provision, whereby the appropriation for a budget item which fails reverts automatically to the previous year's appropriation, substantially

alters the budget process. Thus, the Town maintains that because the petition addresses more than one subject and affects substantial changes, it is a Charter revision warranting the formation of a commission.

Given this Court's deferential review of the factual determinations involved in this Charter change, the Board did not clearly err by deciding that these changes were significant enough to require a Charter Commission. Of course, this decision does not foreclose Petitioners from proposing Charter changes to the Board of Selectmen in the future.

## CONCLUSION

Determining whether a charter commission was warranted to address this citizens' petition is a mixed question of law and fact; therefore, absent clear error, this Court will not disturb the decision of the Board regarding the significance of the proposed change. On the record before the Court, it cannot be said that the Board's determination was erroneous. The decision of the Kennebunk Board of Selectmen, therefore, is hereby AFFIRMED.

The clerk may incorporate this order in the docket by reference.

Dated:     October 10, 2006

G. Arthur Brennan
Justice, Superior Court

Robert M. A. Nadeau, Esq. - PLS
William H. Dale, Esq. - DEF

5