*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OSCAR BARNES,

       Appellant,

v

COUNTY OF LAKE ELECTION COMMISSION
and MARILYN BURNS,

       Appellees.

UNPUBLISHED
December 21, 2023

No. 368831
Lake Circuit Court
LC No. 23-010704-AA

Before: M. J. KELLY, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

Appellant, Oscar Barnes, appeals as of right the November 6, 2023 order of the Lake Circuit Court that was issued in his appeal of the determination of appellee County of Lake Election Commission (LCEC) that rejected four of his petitions for the recall of appellee Marilyn Burns, the Yates Township Supervisor. We reverse the November 6, 2023 order to the extent that it denied petition no. 1, a petition for the recall of Burns that was approved by the LCEC.

On September 1, 2023, Barnes submitted five petitions for the recall of Burns to the LCEC for approval. Each petition provided a different reason for the recall of Burns. The reason for recall in petition no. 1 was Burns's roll call vote at the June 16 and 23, 2022 township board meetings that "mandated the township advertise vacancies on the planning commission and to accept only applications for those vacancies received by the clerk, which directly" violated MCL 125.3815. On September 14, 2023, the LCEC held a factual/clarity hearing on the five recall petitions. It subsequently issued two determinations. In one determination, the LCEC approved petition no. 1, finding that the reason for recall was factual in nature and of sufficient clarity to enable Burns and the electors to identify the conduct that was the basis for the recall. In the other determination, the LCEC denied the other four recall petitions.

Barnes claimed an appeal of the LCEC determination that denied the four recall petitions. In the November 6, 2023 order, the circuit court denied Barnes's appeal. The circuit court also wrote that all five petitions had to be considered as a whole and, because the LCEC denied a portion of the petitions for factual or sufficient clarity reasons, all the petitions had to be denied.

On appeal, Barnes argues that the circuit court erred when it exercised appellate jurisdiction over petition no. 1. Whether the circuit court exceeded the scope of its appellate jurisdiction is a question of law. This Court reviews questions of law de novo. *Kuhlgert v Mich State Univ*, 328 Mich App 357, 371; 937 NW2d 716 (2019).

A circuit court has jurisdiction of an appeal of right filed by an aggrieved party from "a final order or decision of an agency from which an appeal of right to the circuit court is provided by law." MCR 7.103(A)(3). Recall elections are governed by Chapter 36 of the Michigan Election Law, MCL 168.951 *et seq. Gleason v Kincaid*, 323 Mich App 308, 320 n 5; 917 NW2d 685 (2018). A petition for the recall of a township officer must "[s]tate factually and clearly each reason for the recall." MCL 168.952(1)(c). Before being circulated, a recall petition must be submitted to the board of county election commissioners of the county in which the officer whose recall is sought resides. MCL 168.952(2). The board of county election commissioners "shall meet and determine whether each reason for the recall stated in the petition is factual and of sufficient clarity to enable the officer whose recall is sought and the electors to identify the course of conduct that is the basis for the recall." MCL 168.952(3). The determination of the board of county election commissioners may be appealed by the officer whose recall is sought or by the sponsor of the recall petition to the circuit court in the county. MCL 168.952(6).

Barnes claimed an appeal from the LCEC's determination that rejected the four petitions. He did not claim an appeal from the determination that approved petition no. 1. Had Barnes claimed an appeal of that determination, the circuit court would have lacked jurisdiction over it because it was not filed by an aggrieved party. MCR 7.103(A). Because the determination approved petition no. 1, Barnes suffered no injury from it. See *1373 Moulin, LLC v Wolf*, 341 Mich App 652, 658; 992 NW2d 314 (2022). Burns could have claimed an appeal of the LCEC's determination that approved petition no. 1. MCL 168.952(6). But she did not.

The scope of the circuit court's appellate jurisdiction was limited to a review of the LCEC's determination that rejected the four petitions. That was the only determination that Barnes appealed. Thus, the circuit court exceeded the scope of its appellate jurisdiction when it determined that petition no. 1 had to be denied.

Barnes also argues that, even if the circuit court did not exceed the scope of its appellate jurisdiction, the circuit court erred when it considered the five recall petitions as a single petition. Issues of statutory interpretation are questions of law, which this Court reviews de novo. *Kuhlgert*, 328 Mich App at 371.

The goal of statutory interpretation is to give effect to the intent of the Legislature. *Brown v Mayor of Detroit*, 478 Mich 589, 593; 734 NW2d 514 (2007). The first step is to review the statutory language. *Id.* If the language is unambiguous, the Legislature is presumed to have intended the meaning expressed and judicial construction is not permitted. *Id.* A court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. *SBC Health Midwest, Inc v Kentwood*, 500 Mich 65, 72; 894 NW2d 535 (2017).

In *Dimas v Macomb Co Election Comm*, 248 Mich App 624, 631-632; 639 NW2d 850 (2001), this Court held that there was no statutory requirement that all of a petitioner's reasons for the recall of an officer be stated in one petition. The Court explained:

> MCL 168.952(1)(c) requires that a petition for the recall of an officer "[s]tate clearly each reason for the recall." Appellees argue that the word "each," as used in the statute, means that a petitioner must include every reason for the recall on a petition. In doing so, they cite the definition of "each" found in Black's Law Dictionary, which states that "[t]he word 'any' is equivalent to 'each' [and] '[e]ach' is synonymous with 'all' . . . ."
>
> We do not conclude that this generalized definition of "each" can be applied in the context of the statute at issue here. Instead, we conclude that the word "each" is used in the statute to link the phrase "state clearly" with the phrase "reason for the recall." In other words, to paraphrase the statute, the requirement is that *each reason* the petitioner includes on the petition *shall be stated clearly*. This understanding of "each" is consistent with the overall statutory goal of assuring sufficient clarity regarding the reasons for a recall, as discussed above. In contrast, reading "each" as requiring that "every" reason must be presented does not advance any similar statutory goal. [*Id.*]

According to the Court, had the Legislature intended that a petition include all reasons for recall, such language could have easily been used in MCL 168.952 or other statutory provisions. *Id.* at 632.

The Legislature has twice amended MCL 168.952 since *Dimas* was decided. See 2012 PA 417; 2018 PA 190. But it has not amended MCL 168.952 to include a requirement that all reasons for an officer's recall must be stated in one petition. See MCL 168.952. Nor has the Legislature amended any other provision in Chapter 36 of the Michigan Election Law to include such a requirement.

The circuit court erroneously read the five petitions as a whole. Because there was no requirement for Barnes to include all his reasons for the recall of Supervisor Burns in one recall petition, the circuit court should not have read petition no. 1 with the other four petitions. Accordingly, the circuit court erred when it held that petition no. 1 must be denied because the LCEC denied other petitions for factual or sufficient clarity reasons.

The denial of petition no. 1 in the November 6, 2023 order is reversed.

/s/ Michael J. Kelly
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle